ALBANY,
June, 1830.

Potter
v
Etz.

---

POTTER *vs.* ETZ and TERWILLIGER, administrators, &c.

*Costs* cannot be recovered in a suit against *executors* and *administrators*, unless it be made to appear that the demand on which the action was founded was presented within the time prescribed by statute, and that its payment was unreasonably resisted or neglected, or that the defendants refused to refer the same according to the provisions of the statute.

Where there is a trial, the facts relied on to entitle the party to costs must be certified by the circuit judge. In cases of *cognovit* and *default* they must be shewn on a special application to the court by motion founded on affidavit.

June 17th.

Costs against administrators. This was an action on a promissory note given by the intestate. The suit was commenced by the filing and service of a declaration in the month of *February* last. The defendants appeared and put in a plea of the *general issue*, and subjoined thereto a notice of special matter. On the 12th *March* the plaintiff noticed the cause for trial, at the Onondaga circuit, on the third Monday of *April* then next. On the *third day of April* the defendants gave a *relicta* and *cognovit*, which, on the twentieth day of April, the plaintiff filed and entered rule for judgment, and served a bill of costs and gave notice of taxation for the 7th May, before the clerk at Utica. The defendants resisted the taxation, insisting that they were not liable to costs, and the clerk decided that they were not liable, and refused to tax the costs. A motion was now made directing the clerk to tax the plaintiff's bill.

*F. G. Jewett,* for the plaintiff.

*T. Ross,* for the defendant.

*By the Court,* SAVAGE, Ch. J. The question is whether the plaintiff is entitled to costs; and this depends upon the provisions of the revised statutes. It is declared that costs shall not be recovered in any suit at law against executors or administrators, unless it appear that the demand on which the action was founded was presented within six months after notice by the executor or administrator requiring all persons having claims against the deceased to exhibit the same; that its payment was unreasonably resisted or neglected, or that the defendant refused to refer the same pursuant to the provisions of the statutes. 2 *R. S.* 90, § 41. This is the rule of law in relation to costs as to executors and administrators, and must prevail unless subsequent enactments are inconsistent with it. 2 *R. S.* 778, § 12.

It is contended that there are subsequent enactments inconsistent with the provision above referred to; and sections 4 and 5 of page 613 of the second volume are cited to shew the inconsistency. These sections contain the general provisions that in *all personal actions* where the plaintiff recovers above $50, he shall recover common pleas costs, and where the recovery exceeds $250, he shall recover supreme court costs. I perceive no repugnance in these provisions. The latter sections declare the *general law,* and the section first quoted must be considered an exception to the general rule, being in favor of those sued in *auter droit.*

It is said that the rule prescribed in § 41 of page 90 is not applicable to the case of a judgment by confession, as it evidently applies only where a trial has been had, the law requiring the facts to be certified by the judge who tried the cause; the answer to which seems to me to be, that the facts are to come before the court upon such certificate where there has been a trial: but in other cases not provided for, the facts must be ascertained according to the ordinary practice of the court. It is argued, also, that the statutes, page 89, § 37, recognize the liability of executors and administrators to pay

costs, that section authorizing costs to be adjudged against them upon a reference ; but it will be seen that the court is to adjudge costs, *as in actions against executors,* evidently referring to the general rule establishing their liability in section 41.

I have no hesitation, therefore, in saying that the clerk decided correctly in refusing to tax costs. The party claiming costs against executors or administrators must shew himself entitled, by proving that he presented his demand in due season, and that the defendants were guilty of a violation of their duty, either by unreasonably resisting or neglecting its payment, or by refusing to refer the same. It is not pretended that in this case any unreasonable resistance or neglect is chargeable upon the defendants. The motion for re-taxation must therefore be denied, with costs.