ALBANY,
Aug. 1831.

Nicholson
v.
Showerman.

---

NICHOLSON *vs.* SHOWERMAN, administrator, &c.

To subject an administrator to *costs*, it must appear that the demand of the plaintiff was *unreasonably resisted or neglected.*

August 18. COSTS against administrator. The action was on a prom-issory note given by the intestate. The defendant pleaded *non-assumpsit* and *plene administravit* ; the cause was referred, and the referees reported as due to the plaintiff the sum of $175,60; and that on the day of the commencement of the suit, the defendant, as administrator, had in his hands goods and chattels of the intestate to be administered, to the amount of $218,73. The plaintiff moved for *costs* to be lev-ied of the goods of the intestate. He shewed by the affida-vit of the attorney, and the certificate of the referees, that it was proved on the hearing that payment of the note was de-manded of the administrator within six months after it be-came due ; that he answered that the estate of the intestate was not liable to pay the note, and that he would contest the same. On the hearing, the defendant denied the making of the note by the intestate, and endeavored to establish the de-fence that the consideration of the note had failed in whole or in part, and that he had fully administered.

*By the Court,* SUTHERLAND, J. The motion must be de-nied. It is not shewn that the demand of the plaintiff was *unreasonably resisted or neglected.* The action was defended

upon the merits, and although the defence failed, it does not necessarily follow that it was improper to have made it; for aught that appears, the evidence in the case may have been nicely balanced.

Motion denied, without costs.