Winne
v.
Van Schaick.

WINNE *vs.* VAN SCHAICK, *administrator, &c.*

In a suit against an *administrator* who suffers a default, costs cannot be taxed without leave of the court; nor can an execution issue until an account is rendered by the administrator, or an order for execution obtained from the surrogate.

On motion to set aside a judgment for costs irregularly entered, the court will not hear an affidavit of unreasonable delay, &c.: such facts must be shewn before entry of the judgment.

November 22.    THE defendant, sued as an *administrator*, suffered a default, and the plaintiff taxed costs against him without obtaining an order of the court, entered judgment and issued an execution, without previous leave from the surrogate, and before the settlement of the defendant's accounts as administrator. The defendant moved to set aside the judgment and execution. The plaintiff read an affidavit for the purpose of shewing unreasonable delay in payment.

*By the Court,* NELSON, J.    Executors and administrators are not liable to costs, unless it appear that the demand of the plaintiff has been unwarrantably resisted or neglected, or that the executor or administrator has refused to submit the matter to referees, 2 *R. S.* 90, § 41; and such facts must be shewn to the court before judgment for costs be signed, 5 *Wendell,* 74, and will not be listened to in opposition to a motion to set aside a judgment entered without leave, as the defendant has the right to be heard on such question. Had the judgment been duly entered, the execution issued improperly, as by the provisions of the statute on this subject no execution can issue upon a judgment against an executor or administrator until an account of the administration shall have been rendered and settled, or an order for that purpose shall have been obtained from the surrogate. 2 *R. S.* 88, § 32. The judgment and execution are both irregular, and must be set aside.