### CARHART *vs.* BLAISDELL'S EXECUTORS.

*Costs* will not be granted in a suit *against executors*, where the plaintiff demanded upwards of $400 and recovered only $130.

A *certificate* of a circuit judge merely stating his conclusion from the facts proved, *that the plaintiff's demand was unreasonably resisted or neglected*, will not entitle the plaintiff to costs ; the judge *must state facts* sufficient to enable the court to determine whether costs ought to be awarded.

Whether the certificate of *referees* will be received, *quære.*

MOTION for costs against executors.

*By the Court,* BRONSON, J. The cases of *Nicholson* v. *Showerman,* (6 *Wendell.* 554,) and *Robert* v. *Ditmas,* (7 *id.* 522,) decide this motion. The facts stated and admitted are, that the plaintiff claimed of the defendants between four and five hundred dollars : the defendants did not offer to pay any-thing. The cause was thereupon referred, pursuant to 2 *R. S.* 88, § 36 ; and the referees reported in favor of the plaintiff for $130, which the defendants have paid. On the principle of the cases cited, it is impossible to say that the payment of the plaintiff's demand was " unreasonably resisted or neglected." (§ 41.)

But the referees have certified that " the demand of the plaintiff was unreason-ably neglected and refused ;" and it is urged that this brings the case within the decision of the court in *Foot* v. *Gumaer's Executors,* (12 *Wendell,* 195.) That case is not very fully reported, and it may be doubted whether the point on which the court intended to pass is stated with entire accuracy. The statute, (§ 41,) de-clares that costs shall not be recovered against executors or administrators, except under particular circumstances ; " in which cases, *the court* may direct such costs to be levied of the defendants, or of the deceased, as shall be just, *having reference to the facts that appeared on the trial.* If the action be brought in the supreme court, *such facts* shall be certified by the judge before whom the trial shall have been had." This is not like the case where the circuit judge is to certify a single fact, as that the title to land came in question on the trial. There the certificate of the judge is conclusive on the question of costs, and the court will not, on a collateral motion, inquire whether it was properly granted or not. But the statute has imposed on this court the duty of deciding in what cases executors shall pay costs, " having reference to the facts that appeared on the trial ;" and where tried at the circuit, " such facts" are to be certified by the circuit judge. He need not state all the *evidence,* but he must state the *facts* on which this court is to form its judgment of the propriety of ordering costs.

The statute does not provide for a certificate in a case where there has been a reference. But if this cause had been tried at the circuit, a certificate stating nothing but the judge's conclusion from the facts proved, that the payment of the plaintiff's demand " was unreasonably resisted or neglected," would not entitle the party to costs. This court must decide whether the facts made out a case within the statute for awarding costs or not. The motion must be denied.