### HARVEY *vs.* SKILLMAN'S Executor.

</div>

Where *notice to creditors to exhibit their claims* has *not* been published by an *executor* or *administrator*, a plaintiff who recovers judgment against an executor or administrator in a suit at law is *entitled to costs* as in other cases without showing that the demand was *unreasonably resisted or neglected*, or that the defendant *refused to refer* the matter in controversy ; nor is it necessary in such case to produce the certificate of the circuit judge before whom the cause was tried, or other evidence in other cases to enable the court to determine whether the costs shall be awarded against the property of the *defendant* or of the *deceased.* It is enough in such case to show that the *notice to exhibit claims* had not been published. The costs to which a plaintiff is thus entitled are awarded *de bonis testatoris.* An *executor* or *administrator* is not entitled to the protection of § 41, unless he has complied with the requirements of the statute, in giving notice &c., nor can he be charged with costs *personally* unless he has given such notice and is subsequently in fault.

MOTION in behalf of the plaintiff for general costs against an executor. The suit was in assumpsit on an unliquidated demand, and was referred by order of the circuit judge. The referees reported in favor of the plaintiff for $200. The defendant had taken out letters testamentary, but omitted to file an inventory, or *give notice to creditors to present their claims, &c.*, according to the statute, 2 *R. S.* 29, § 34, *2nd ed.* There were ample assets which had been collected. The plaintiff had by her agent demanded her debt of the defendant, who refused to pay or take any steps towards its settlement, though a reasonable time had been allowed for those purposes. The facts stated, with others shewing dilatory conduct on the part of the defendant, as

to adjusting the claim, appeared both by the certificate of the referees, and by affidavits.

*D. S. Dickinson*, for the motion.

*J. A. Collier*, contra.

*By the Court*, COWEN, J. By the 2 *R. S.* 29, § 34, 2d ed. an executor or administrator may give notice within six months after taking letters, for all creditors to present and establish their claims in a summary way against the estate. By § 35, the executor or administrator may demand the oath of the creditor ; and still doubting, may § 36, 37, offer to refer and have a hearing of the claim before referees. If the claim be not referred, the claimant must sue within six months, &c., § 38, and if the claim were presented within six months after the notice authorized by § 34, the liability of the defendant may be qualified by the omission, § 39, 40 ; and, moreover, by § 41, it is declared that in *such suit* no costs shall be recovered against the defendants; nor shall any costs be recovered in any suit at law against any executors or administrators, to be levied of their property or of the property of the deceased, unless it shall appear that the demand upon which the action was founded, had been presented *within the time aforesaid, and that its payment was unreasonably resisted or neglected*, or *that the defendant refused to refer the same pursuant to the preceding provisions;* in which cases the court may direct such costs to be levied of the property of the *defendants*, or of the *deceased*, as shall be just, having reference to the facts that appeared upon the trial. If the action be brought in the supreme court, such facts shall be certified by the judge who tried the cause. § 41.

By 2 *R. S.* 517, § 38, *2nd ed.* in suits against executors, &c. in which the plaintiff shall recover costs, the judgment shall be that such costs be collected *of the assets of the deceased*, unless in the cases provided for in the title 3, of chapter 6, of part 2 of the Revised Statutes, (the provisions already recited from 2 *R. S.* 29, 30,) the court shall award such costs to be paid *by the executors or administrators.*

I am of opinion that in this case, the defendant can claim no protection whatever, from any of the provisions in 2 *R. S.* 29, to which I have adverted. These give to executors and administrators a right, if they think proper, to proceed summarily in liquidating the amounts of debts due from their testators or intestates, and attach certain privileges in the distribution of assets, if the creditors shall not follow them in these purposes; and then, after all this, comes the 41st section, the provisions of which I have noticed more particularly, entitling them also, as well as the estate which they represent, to an almost entire exemption from costs, especially when we consider the great favor and indulgence with which they have been regarded by the cases that have arisen and been decided under the statute. *Potter* v. *Etz,* 5 *Wend.* 74, extended it to recoveries in any form, e. g. by *cognovit* as well as *verdict.* It is the same though the demand be most obviously due, as being founded on a *promissory note. Nicholson* v. *Showerman,* 6 *Wend.* 554. It extends to costs on *summary reference, Robert* v. *Ditmas,* 7 *Wend.* 522; and this is, in many respects, a strong case for executors and administrators. Savage, C. J. fully reviews the statutes giving them summary remedies; the defendant had brought himself clearly within them, by the steps he had taken; and was therefore entitled to their protection. He had not, as here, slept in entire idleness, and thrown the creditors to their remedy at large, if they were to have any. In *Winne* v. *Van Schaick,* 9 *Wend.* 448, the same protection was extended to a judgment by *default;* and the court said, no matter how much the defendant had misbehaved; the plaintiff must come to this court on affidavits, and obtain an order for costs. If he took them without, he was irregular, and could not be heard to reply misbehavior, on a motion to set aside the execution. It was also held that no execution whatever could go, till an order for it was obtained from the surrogate. 2 *R. S.* 29 § 32, *2nd ed.* To warrant costs after trial at the circuit, it is not enough for the judge to certify misbehavior generally; he must state facts. *Foot* v. *Gumaer's Ex'rs,* 12 *Wend.* 195, reviewed and explained in *Carhart* v. *Blaisdell's Ex'rs,* 13

*Wend.* 531. Merely refusing to *arbitrate*, will not subject to costs, but only refusing to *refer* in the very words of the act. §41. *Swift* v. *Blair's Ex'x*, 12 *Wend.* 278. It is added that neglect of duty only will subject to costs. *Id.* In *Mulheran's Ex'rs.* v. *Gillespy*, 12 *Wend.* 349, 355, the doctrine is repeated, that judgment for costs cannot be entered of course; but must be specially moved for.

In all the cases I have cited where costs have been denied, though the fact is not always stated in the report, no doubt it must have appeared that the executor or administrator had given public notice, and complied in all respects with the statute prescribing his ulterior course. Then he may demand the oath of the party; and may require, and must not refuse to refer; and then he may claim to be excused costs, if he be finally sued. I will not again repeat the words of the 41st section. It is quite clear, on reading it with a view to the previous sections, that it never was intended for a *suit* against an executor or administrator, entirely in the abstract, not preceded by any efforts on his side to bring about a settlement, such as he is by the statute authorized to make. If he have given no notice, how can the creditors know when or where to present their claims, and what chance have they to avoid a resort to the ordinary and more diliatory and expensive process of law ? I admit that some of the words in the 41st section are quite general when taken by themselves; for instance, these : " Nor shall any costs be recovered in *any suit at law* against *any executors or administrators*, to be levied of their property or of the property of the deceased, unless it appear," &c. But the words which immediately follow, show what predicament the defendant must belong to in order to make the previous words apply. They are, unless the demand was presented to the defendant pursuant to the notice which he had given, and was unreasonably resisted, or there was a refusal to refer, &c. Shall it be said that the executor may go about his own private business, or abroad on his travels, or entirely neglect to publish time and place, according to the 34th section ? It was said in *Swift* v. *Blair's Ex'x*, that the plaintiff asking for costs must bring

himself strictly within the statute ; that is to say, after the executor has given him a chance, he must not be backward in trying to avoid protracted litigation. But I will add, that before he can be called on to join in the measure, the executor must show that on his part he has taken such steps as have afforded an opportunity to do it. In order to that, the executor or administrator must himself have strictly complied with the statute, by giving the notice and following it up. He must put the plaintiff in default ; and if otherwise, while the executor, &c. cannot insist on his readiness to refer the matter, so he cannot put forward any other excuse against costs contained in the 41st section. If tried at the circuit, no certificate is necessary to entitle the plaintiff to costs. If referred, or there be a default or cognovit, no inquiry on affidavit as to which party was in fault can be allowed, further than to see the omission to give notice, or other act of neglect on the side of the defendant, by which he has lost all protection from the statute.

I am of opinion, therefore, that the 41st section has nothing to do with the case at bar ; nor has any part of the provisions connected with it in the same article. If it be provided for any where, we must look for the provision to some other head in the statute book. I think it is to be governed by the general statute of costs, 2 R. S. 508, § 1, 2d ed., as qualified by id. 509, § 5, and by id. 514, § 38. By sections 1 and 5, just cited, the plaintiff recovering in this court over fifty, and not more than two hundred and fifty dollars, is entitled to common pleas costs. That is the case of this plaintiff ; but, stopping with sections 1 and 5, we should be left in doubt whether costs may be awarded, to come from the pocket of the defendant, or from the assets of the estate which he represents. Therefore, the 38th section, the provisions of which I have before noticed and cited at large, declares, that in the case of a plaintiff recovering costs in such a case as I have shown this to be, the judgment shall be to collect *de bonis testatoris.* We have no power to charge the defendant *personally,* for this last section expressly denies us that power, except in cases where he comes within the statute concerning summary

proceedings.    It is entirely clear, that his case belongs to another and distinct category.

The demand in question was unliquidated, and I do not deny that it was a fair subject of judicial inquiry, nor that the defendant and the estate of his testator should be protected from costs, had he brought himself within the 2 *R. S.* 20, *et seq.*   I put the case on the ground that he has not so done.

Take your rule for judgment in favor of the plaintiff, with common pleas costs, and that such costs be collected of the assets of the defendant's testator.