By the Court, Bronson, J.
The plaintiff was clearly irregular in perfecting a judgment for costs without an order of the court for that purpose; and if the whole matter had not been spread out upon the papers, we should have set aside the judgment, and left the plaintiff to move for costs, as he should have done in the first instance. But as the defendants do not object, and the whole case is before us, it will be considered upon its merits.
The first ground upon which the plaintiff claims to-recover costs is, that the executors did not give notice to creditors to exhibit their claims in pursuance of the requirement of the statute. (Harvey v. Skillman, 22 Wend. 571.) The executors did publish a notice, and they supposed it was done regularly ; but as it is said that the notice was irregular for the want of an order of the surrogate, I will assume that there was no notice. The answer to the plaintiff’s argument is, that the time for giving notice had not arrived when the suit was commenced. The notice provided for by the statute cannot be *388 given until after the lapse of six months from the granting of letters testamentary, (2 it. S. 88, § 34,) and the suit was commenced at the end of four months from the time the letters issued. The plaintiff has not been injured by the subsequent neglect of the defendants to give notice, nor can he claim any rights on that ground. No dates are given in Harvey v. Skill-man ; but there can be no doubt that the suit was commenced after the executor was in default for not giving notice.
Costs are also claimed on the ground that the defendants refused to refer the matter in controversy. (Id. 88, § 36, 41.) There had been some prior efforts by the parties to settle the claim, but there was only one offer on the part of the plaintiff to refer it, and that was made on the eleventh day of March. Although it was not necessary to present the account and make the offer to all of the executors, Elwell should have been allowed a reasonable time to see and confer with his co-executors. But instead of giving such time, the plaintiff commenced his legal proceedings on the same day, and served the declaration within two or three days afterwards. The executors knew nothing about the justice of the claim, and they should have had a reasonable time to inquire into the matter, and to decide whether they would allow the accormt or have a reference. The plaintiff was in too much haste in bringing his suit.
There is a further reason why the offer to refer must go for nothing. The plaintiff afterwards added five thousand dollars to his charges, and this increased demand was not made until after the suit had been commenced. There is no pretence that the defendants ever refused to refer that part of the claim.
The plaintiff gave notice, and the attorney for the defendants attended and opposed the taxation of costs ;• and this is urged as a waiver of the objection to costs. The party may waive an irregularity in the proceedings by not taking advantage of it at the proper time. But this is a question of right. Opposing the taxation of particular items could give the plaintiff no title to costs. And besides, there was no irregularity until the plaintiff had entered a judgment for costs without an order of the court; *389 and as soon as that was done, the defendants gave notice of this motion to set aside the judgment.
There has been no attempt to support the claim for costs on the ground that payment of the account was “ unreasonably resisted or neglected.” (Id. 90, § 41.) And if the point had been made, it could not be supported. We see no ground on which the plaintiff can recover costs, and that part of the judgment must be vacated and set aside.
Ordered accordingly.