By the Court, Bronson, J.
The executors having given the proper notice to creditors to exhibit their claims, (Harvey v. Skillman, 22 Wend. 571,) and there having been no refusal to refer, the plaintiff must make out two things to entitle himself to costs, viz. 1. That the demand was presented to the executors hi proper time ; and 2. That its payment has been unreasonably resisted or neglected. (2 R. S. 90, I 41.) There is nothing in the statute which necessarily requires a personal interview between the claimant and the executor, nor that the evidences of the debt should be laid before the executor, unless he requires it. The notice calls upon “ all persons having claims against the deceased to exhibit the same, with the vouchers thereof, to the executor.” (§ 34.) When the claim is presented, the executor “may require satisfactory vouchers in support thereof, and also the affidavit of the claimant that such claim is justly due, that no payments have been made thereon, and that *392 there are no offsets against the same to the knowledge of such claimant.” (§ 35.) If the executor still doubts the justice of the claim, he may agree to a reference. (§ 36.) "Where the executor already understands the whole matter, and does not desire that the evidence should be submitted to his examination, it cannot be necessary for the creditor to do more than to present his claim; and that may be done through an agent, by a written communication, or in any other way which deals fairly with the executor and the interests which he represents. If the presentation is made by letter, the executor is bound to deal ingenuously with the creditor. If he wishes to see the evidences of the debt, or to have the oath of the creditor to the justice of the claim, he should say so; and not leave the claimant to suppose he has done every thing that is wished, and after-wards object that there has not been a more formal presentation of the demand. Now here, the executors evidently knew every thing in relation to the plaintiff’s claim. Two of them were the sons of the testator, and • one of them was the maker of the notes. When the plaintiff called on J. Butler Wright in relation to one of the notes—the other not being then due—the answer was, that his brother would probably make some arrangement for paying it. As the will had not then been proved, and no notice had been given, this cannot, perhaps, be regarded as a sufficient presentation of the demand. But in connection with the other facts in the case it goes to prove that the matter was fully understood by the executors, and that they neither wished to see' vouchers, nor had any doubt of the justness of that part of the plaintiff’s claim. After the other note had been protested nearly eight months, and after the executors had given notice, the plaintiff wrote to J. Butler Wright, the executor who seems to have had the principal charge of the business, in relation to both -of the notes, giving dates and amounts. The answer of the executor gave the plaintiff abundant reason to suppose that nothing farther was either expected or desired from him. There was no intimation of a doubt in relation to the justice of the claim; and although the other executors probably hoped that James Wright would make some arrangement for the payment of *393 the notes, they evidently supposed that the testator was liable as indorser. No such thing as a defence, or a call upon the plaintiff for vouchers or further explanations, was at that time thought of. I cannot doubt that there was a sufficient presentation of the claim.
The judge before whom the suits were tried has certified that the payment of the plaintiff’s demand was unreasonably resisted. The plaintiff insists that the certificate, until set aside, is conclusive upon the question of costs. (Foot v. Gumaer, 12 Wend. 195.) I have before had occasion to express a doubt whether that case was accurately reported; and it was not followed in Cahart v. Blaisdell, (18 Wend. 531.) As I read the statute, the court is to direct the payment of costs, “having reference to the facts that appeared on the trial,” and such facts are to be certified by the judge before whom the cause was tried. In the ordinary course of things it must often happen that the circuit judge will know very little about the facts which touch the question of costs. The trial of the issue before him does not' involve the inquiry whether the executor has neglected to give notice to creditors, and so rendered it proper to award costs ; (Harvey v. Skillman, 22 Wend. 571;) nor whether the demand was presented to the executor for payment within the proper time; nor whether the executor refused to refer. (§ 41.) These are matters which, from the nature of the case, must he shown by affidavit when the plaintiff makes the necessary motion for costs. And so of the fact that the plaintiff recovered a mfich less sum than he demanded of the executor before suit brought, and therefore ought not to 'have costs. (Cahart v. Blaisdell, 18 Wend. 531, and the cases cited.) The only things bearing upon the question of costs which the circuit judge would be likely to learn from the trial are, the nature and amount of the plaint "ti’s claim, the extent of the recovery, and whether there appeared to be any reasonable ground for making the defence which was set up. If the evidence upon the merits of the controversy was nicely balanced, or the plaintiff failed to establish any considerable portion of his demand: or if the claim was reduced by a set-off which the plaintiff had refused *394 to allow, it could not be said that payment of the demand had been unreasonably resisted. But if it turned out that there was no color of defence, or that the executor had acted captiously with the creditor, these facts would go very far towards making out a case for allowing costs. (See Nicholson v. Showerman, 6 Wend. 554; Robert v. Ditmas, 7 Wend. 522,528.) It is entirely clear that the opinion of the circuit judge as to whether payment was unreasonably resisted, cannot be conclusive upon the question of costs. We must look beyond it, and consider the facts which he certifies, in connection with the other facts to be laid before us by the parties.
But I am satisfied that costs ought to be allowed in this case. One of the executors, who was the maker of the notes, Imew all about the demand from the beginning; and there is no reason to suppose that the others were not also fully informed concerning it. When the claim was presented by the plaintiff, no pretence was set up by the executors that it ought not to be paid. After waiting a month and a half, the plaintiff sued; and then a defence was set up, and the plaintiff was delayed, first by an order for time to plead nonassumpsit, and then by a plea, until the arrival of a circuit. After being thus postponed and put to expense, the plaintiff was allowed to take an inquest, without any show of defence on the part of the executors. It is true, one of the executors says he became satisfied that “ a defence might probably be successfully interposed on the ground of a total want of consideration for the notes.” But it is worthy of remark, that James Wright, who made the notes, and who must have known all about the consideration, has not ventured to say there was the slightest ground for setting up that or any other defence. He has made no affidavit; nor is it alleged that the defence was interposed on information derived from him. And so little confidence did any of the executors place in the supposed defence, that they abandoned it in preference to incurring the expense and inconvenience of taking six witnesses to Albany, where they might have gone from their residence in a single day. It is difficult to suppose that the defendants, as faithful trustees, would abandon what they be *395 lieved a good defence to a claim of more than a thousand dollars, on any such ground—especially as the expenses of witnesses would fall upon the plaintiff if he failed to recover. In Potter v. Etz, (5 Wend. 74,) the administrators, after pleading, gave a cognovit; and costs were not allowed. What other facts there were in the case bearing upon the question of costs does not appear. But it can hardly be doubted that the defendants pleaded in the belief at the time that there was a good defence; for the chief justice remarked, it was not pretended that any unreasonable resistance or neglect was chargeable upon the defendants. I may add, it does not appear that the claim had been presented to the administrators before suit brought. Under our law the executor loses nothing by suffering judgment to pass by default where he has no good reason to suppose the claim unfounded either in whole or in part; and if in such a case a defence is interposed, and the creditor is thus subjected to delay and expense, costs ought to be allowed. We think that “ payment was unreasonably resisted.”
Motion granted.