## SUPREME COURT.

DAVID L. SNYDER vs. JOHN YOUNG, Ex'r, &c. of Benjamin Young, deceased.

A creditor suing an executor is not entitled to recover costs on the ground that the latter did not advertise for the presentation of claims.

A plaintiff is in no case entitled to recover costs against an executor unless there has been a refusal to refer, the claim being disputed; or an unreasonable resistance or neglect of payment, the demand having been presented.

Where costs were improperly, and without leave of the court, included in the entry of judgment, they were ordered to be stricken out on motion.

*Albany Special Term, January,* 1850.—In this action the plaintiff recovered $350 damages. On the 15th January inst., while the defendant's attorney was absent from home, the plaintiff left at his office a copy of his bill of costs, with a notice of taxation before the clerk on the 17th inst. Defendant's attorney did not return until after the taxation. The costs, as taxed by the clerk, and entered in the judgment, included $39 for the service of the plaintiff's attorney, which defendant's attorney now moves to strike out, relying on the case of *Newton* v. *Sweet, ex'r,* 4 How. Pr. R. 134.

J. H. RAMSAY, *for defendant.*
T. SMITH, *for plaintiff.*

PARKER, Justice.—The affidavits show that the executor neglected to advertise for the presentation of claims, as required by statute; and the plaintiff's counsel contends that the plaintiff is therefore entitled to recover costs, as was decided at special term, in *Harvey* v. *Skillman's executors*, 22 Wend. 571. But I think we are bound to follow the decision made in *Bullock* v. *Bogardus's executor*, 1 Denio, 276. The latter was decided at the general term, and overrules the previous case of *Harvey* v. *Skillman*, and is, I think, recognized by the still later case of *Bradley* v. *Burwell*, 3 Denio, 261. Notwithstanding the doubts expressed of the correctness of the decision in *Bullock* v. *Bogardus*, (Dayton's Surrogate, 123,) I think we must now consider it settled, that the omission of the executor to publish the notice does not entitle a creditor to costs, and that a plaintiff can in no case recover costs, unless there has been a refusal to refer, the claim being disputed; or an unreasonable resistance or neglect of payment, the demand having been presented. Here was no unreasonable resistance, for the plaintiff recovered much less than he claimed; and there was no refusal to refer, for no offer was made by the creditor.                                  .

Before the adoption of the code, the plaintiff could not have recovered either costs or disbursements in this case; nor would he have been permitted to enter up judgment for costs except by leave of the court. (*Winne* v. *Van Schaick*, 9 Wend. 448.) It has been held, however, in *Taylor* v. *Gardner*, 4 How. Pr. R. 67, that under the code, the word "costs" means only the compensation of the attorney; and in *Newton* v. *Sweet*, id. 134, that "disbursements" are recoverable in all cases against executors, as in other actions. The moving party here does not question the correctness of these decisions, but asks only to strike out the compensation of the attorney. So much he is certainly entitled to.                                  .

The motion must be granted, but the notice of taxation being regularly served, and the defendant's attorney not having appeared to object before the clerk, no costs of motion are allowed.