## SUPREME COURT.

Comstock agt. Olmstead, Adm'r of Olmstead, deceased.

A claim against an estate, can not be said to be unreasonably resisted by the administrator, where the credit was originally given and the amount charged to a *third person*, but on the hearing proved to be for the benefit of the deceased. And again, where the claim is *reduced in amount*, it can not be said to be unreasonably resisted.

A certificate of the referees that the claim was unreasonably resisted is no evidence (see 6 *Hill*, 389).

Costs againt an administrator can only be recovered where he refuses to refer, or where the claim is unreasonably resisted or neglected.

Where the agreement to refer is not *filed* with the clerk and no *order* of reference entered, this court does not become possessed of the cause. The statute in that particular must be complied with (2 *R. S.* 89, § 36 and 37).

*Special Term, April* 1851. Motion for costs against an administrator.

Mr. Richardson, *for the Motion.*

Mr. Bacon, *for Defendants.*

Comstock agt. Olmstead.

GRIDLEY, Justice.—This application is made under the following state of facts. On the 30th day of July 1849, the defendant took letters of administration on the estate of the deceased. On or about the 15th of January 1851, the plaintiff presented to the defendant a demand against one Henry G. Mills, for which he claimed that the estate of the deceased was responsible, amounting to $108·32, being the entire balance charged on his book against said Mills. It appears that the defendant doubted the justice of the claim, whereupon he and the said plaintiff executed an agreement to refer the matter to three referees; which agreement was approved by the surrogate on the 24th of January 1851; the referees heard the cause and reported in favor of the plaintiff the sum of $110·78 cents, besides costs; and gave a certificate that the claim was unreasonably resisted. The affidavits further showed that there was no *order entered* referring this matter to the said referees, that the plaintiff claimed on the trial to recover about $157, and proved that the goods were purchased by the deceased, for the said Mills however, and were also charged to Mills. No notice had been published requiring persons having demands against the deceased to present their claims, pursuant to the statute (2 *R. S.* 88, § 34).

The plaintiff claims a right to costs under the principles adjudged in Harvey vs· Skillman (22 *Wend.* 571). The construction given by Judge Cowen in that case to the 41st section of the act (2 *R*, S. 90, § 41), allows a recovery against an administrator, with costs, in all cases, where the notice before adverted to has not been published. The authority of this case is limited and questioned in the case of Clapp vs. Curtiss, (6 *Hill*, 386), and in Bullock vs. Bogardus (1 *Denio*, 276), and in Bradley vs. Burwell, (3 *Denio*, 266), it was directly overruled. No costs can be recovered now against an administrator unless it appears that the defendant refused to refer; or that the payment of the demand was unreasonably resisted or neglected. It is true that the referees have certified that the payment was *unreasonably resisted.* But this certificate is not evidence by the case in 6 *Hill*, 389, which case overrules that of Foote vs. Guman (12 *Wend.* 195), which held a con-

trary doctrine. In this case I think the defendant did not resist un-
reasonably. The demand claimed of him was an account charged
to Mills, and the defendant might well doubt the obligation of the
deceased to pay a claim in which the credit was originally given
to Mills, and where the goods were actually charged to Mills
(Bently vs. Griffin, 5 *Taunt.* 356; Legget vs. Reed, 1 *Car. &
Payne* 16; and an authority cited in a note to that case). Again
the plaintiff sought to recover $157 on the trial, but the claim
was reduced to about $110. When the claim is reduced in amount
it can not be said to be unreasonably resisted (5 *Wend.* 74; 9
*Wend.* 448; 7 *Wend.* 522).

Again, I do not think that this cause was ever in the Supreme
Court. The agreement does not appear to have been *filed* with
the clerk nor the *order of reference entered ;* and until the condi-
tion of the statute has been complied, with this court does not
become possessed of the cause. The statute says "that if the
executor or administrator doubt the justice of the claim he may
enter into an agreement in writing with the claimant to refer the
matter in controversy to three persons to be approved by the sur-
rogate, and on *filing such agreement and approval* in the office of
the Supreme Court or the clerk of the Common Pleas a rule shall
be entered referring the matter to the persons so selected." "The
referees shall thereupon proceed to hear the matter and make
their report to the court in which the rule was entered." And
then the proceedings are assimilated to the practice, on a refer-
ence in a court of record (2 *R. S.* 89, § 36 and 37). In comment-
ing on this statute Ch. J. Savage says in Robert vs. Ditmas (7
*Wend.* 525). "There must be an agreement in writing, *filed,* as
the *foundation of the rule to refer ;* there must be a report, and
that report must be confirmed." Again, in Silmsee vs. Redfield
19 *Wend.* 21), it was decided that the court will not review the
proceedings in an action of tort, and that the plaintiff can not
enter a rule for judgment, "unless *expressly authorized by the
rule of reference.*"

On both grounds, therefore, the motion is denied.