## SUPREME COURT.

LAWRENCE MERSEREAU agt. JOSEPH W. RYERSS, Administrator, &c., of JOHN P. RYERSS, deceased.

In actions prosecuted or defended by an executor or administrator, a referee, to whom the whole issue or cause is referred, has not the right to decide the question of *costs*, or the power to award costs against the executor or administrator personally, or against the estate he represents.

The power to grant costs against executors and administrators, in actions under the Code, rests with the *court*.

Whether, where an action against an administrator, is tried before a referee, it is indispensably necessary to present to the court his certificate of facts affect-

Mersereau agt. Ryerss, adm'r, &c.

ing the question of costs appearing upon the trial, on a motion for costs against such administrator—*quere?*

*It seems,* the better practice is to present the certificate of the referee on the motion for costs.

Facts, other than those appearing on the trial, are proper to be considered in determining whether costs shall be recovered against executors and administrators.

*It seems,* referees, in actions of an *equitable nature,* have the right, and it is their duty, to decide the questions of costs; because the costs in such actions are awarded or withheld upon the facts proved on the trial, and they rest in *discretion* of the court.

The right to costs against executors and administrators does not rest in the discretion of the court, but upon ascertained facts.

No costs, in actions prosecuted in the supreme court, can be included in the judgment against executors or administrators, without leave of the court.

A motion for an *extra* allowance as costs, under § 308 of the Code, in an action againt an administrator, is premature, if made before the right to recover the *ordinary taxable costs* in the action has been determined.

*It seems,* the motions for the ordinary taxable costs in the action, and for an extra allowance under § 308, of the Code, may be made at the same time, and upon the same papers.

*Tompkins Special Term, Jan.,* 1856.

THE plaintiff obtained a report in this action before a referee against the defendant, which stated there was due the plaintiff from John P. Ryerss, deceased, the sum of $1,329.20, *besides costs.* There was no other allusion to the question of costs in the report; and the referee made no certificate showing that the defendant was liable, under the statute, to pay costs; and no application has been made to the court, for leave to enter judgment against the defendant for the ordinary taxable costs in the action.

It appears, from the affidavits presented to the court, that the plaintiff claimed judgment, in his summons and complaint, against the defendant as administrator of the goods, chattels and credits of John P. Ryerss, deceased, for the sum of $3,-662.82. Also, that the claim on which the action was brought had not been presented to the defendant or rejected by him; nor did the plaintiff offer to refer the same to referees prior to commencing this action. A motion is now made for an order that the plaintiff be entitled to recover an *extra allowance* as

costs, under § 308 of the Code, on the ground that the action
was difficult or extraordinary.

B. G. FERRIS, *for plaintiff.*
ROBERT CAMPBELL, *for defendant.*

BALCOM, Justice.   The motion for *extra costs* in this action
is based on the assumption, that the referee had the right, un-
der § 272 of the amended Code, to award costs to the plaintiff;
and that the report would authorize the plaintiff to enter judg-
ment against the defendant for the *ordinary taxable* costs in the
cause, without leave of the court.   This position has undoubt-
edly been taken because this court has held, in actions of an
*equitable nature,* where the whole issue or cause is referred, the
referee has the right to decide the question of costs.   (*Luding-
ton* agt. *Taft,* 10 *Barb. R.* 448; *Graves* agt. *Leonard and others,
assignees, &c.,* 4 *How. Pr. R.* 300.)

It is the duty of the referee to determine the question of costs
*in equity cases,* because in such cases "costs may be allowed or
not, in *the discretion* of the court." (§ 306 *of the Code; Hinds*
agt. *Myers,* 4 *How. Pr. R.* 356; 3 *Code Rep.* 25.)

When *discretion* is to be exercised upon facts, appearing on
a trial, the judge, or referee, who hears the evidence is the
proper person to exercise such discretion.

The right to costs in actions against executors or administra-
tors does not rest in the *discretion* of the court, but upon ascer-
tained facts. (2 *R. S.* 90, § 41; § 317 *of the Code.*)

Prior to the enactment of the Code, such facts, in actions in
the supreme court, were certified by the circuit judge before
whom the trial was had. (2 *R. S.* 90, § 41.)   But other facts,
not within the knowledge of the circuit judge, might be con-
sidered by the court in directing the payment of costs in actions
against executors and administrators. (*Gansevoort* agt. *Nelson,*
6 *Hill,* 393; 5 *Wendell,* 74.)

The statute is silent as to whether any certificate should be
given when the action is tried before a referee; but I find cer-
tificates of referees have frequently been presented to the court

Mersereau agt. Ryerss, adm'r, &c.

on motions for costs in such actions. (6 *Hill,* 386; *Harvey* agt. *Skillman's Executor,* 22 *Wendell,* 571; *Nicholson* agt. *Showerman, administrator, &c.,* 6 *Wendell,* 554; 13 *id.* 453 & 454.)

If the referee's certificate is not absolutely necessary, upon which to found the motion for costs, the better practice would be to present it; for the court "may direct the costs to be levied of the property of the defendant, or of the deceased, as shall be just, having reference to *the facts that appeared on the trial.*" (2 *R. S.* 90, § 41; § 317 *of the Code.*)

The referee is the most fit person to inform the court what facts appeared on the trial. When such facts are shown by affidavits, the court is often left in doubt as to what facts were established on the trial. If the referee's certificate is produced, there can be no controversy over what transpired on the trial. No certificate has been presented on this motion; nor will I hold that it is indispensably necessary, in all cases where actions against executors and administrators are tried before referees, to present the referee's certificate on a motion for costs against the defendants.

Before the Code, the statute authorizing the entry of judgments upon the reports of referees was as follows:—"If the report of the referees be confirmed by the court, judgment shall be entered thereon, in the same manner, and with the like effect, as upon the verdict of a jury." (2 *R. S.* 385, § 48.)

The order confirming the report was merely formal, and was entered of course without notice. (*Gra. Pr.,* 2d ed., 576; 2 *Hill,* 382.)

Section 272 of the Code provides, that "the report of the referees upon the whole issue stands as the decision of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court." No decision has been cited, nor am I aware of any, holding that an order for judgment, or confirming the referees' report, is necessary before entering the judgment on the report; and I think no such order is necessary, where the referee has the right to decide the question of costs, or where the right to costs is waived.

Mersereau agt. Ryerss, adm'r, &c.

If the right to costs against the executors and administrators depended solely upon the facts established on the trial, perhaps there would be little difficulty in finding authority under § 272 of the Code for the referee to decide the question of costs in such actions, as well as in actions of purely an equitable nature, where costs rest in the discretion of the court. But in the ordinary course of things, it must often happen that the referee will know very little about the main facts which touch the question of costs. The trial of the issue before him does not involve the inquiry, whether the executor or administrator has neglected to give notice to creditors, and so rendered it proper to award costs; nor whether the demand was presented to the executor or administrator for payment within the proper time; nor whether the executor refused to refer; nor as to many other facts affecting the right to costs. (*Potter* agt. *Etz and others, administrators,* 5 *Wendell,* 74; *Gansevoort* agt. *Nelson,* 6 *Hill,* 393.)

The practice under the Code, so far as my knowledge extends, has been against allowing referees to decide the right to costs against executors and administrators. (*Fort and wife* agt. *Gooding and others, executors,* 9 *Barb. R.* 388.)

My conclusion is, that in actions prosecuted or defended by an executor or administrator, a referee to whom the whole issue or cause is referred, has not the right to decide the question of costs, or the power to award costs against the executor or administrator personally, or against the estate he represents.

As no order has been made allowing the plaintiff to recover the ordinary taxable costs in the action, and as judgment for such costs cannot be entered without leave of the court, (*Knapp* agt. *Curtis et al. executors,* 6 *Hill,* 386; *Winne* agt. *Van Schaick, administrator, &c.,* 9 *Wendell,* 448,) the motion for an *extra* allowance as costs, under § 308 of the Code, is premature; and it becomes unnecessary to determine whether this is a difficult or extraordinary case within the meaning of the section, authorizing the court to allow the prevailing party extra costs.

The motion for an extra allowance as costs, under § 308 of

the Code, is denied, with $10 costs, but without prejudice to the plaintiff to make any other or further motion for costs, or for extra costs in the action.