ROBESON AND WARFORD *v.* BINGHAM *et al.*

ZACHARIAH ROBESON AND WM. B. WARFORD, *vs.* ORIGIN BINGHAM, LUCIUS PHETTEPLACE, FREDERICK SANFORD AND HENRY SANFORD.

*Double costs*, under our statutes mean common costs and one-half added thereto.
Where, under § 3736, 2 Comp. Laws, the plaintiff was entitled to double costs, and the taxing officer had actually doubled the common costs, a retaxation was ordered to be made as above, on the same basis as specified in § 5605, 2 Comp. Laws.

*Branch Circuit, July,* 1870.

This was an action of trespass for breaking and entering the close of plaintiffs and cutting down and destroying their fruit trees. It was originally commenced in Justice's Court, where the defendants, who acted under directions of the Commissioners of highways, interposed a plea of title under the statute, and the cause was thereupon certified by the justice to the Circuit Court. On the trial in the circuit, plaintiffs recovered judgment for $100 damages and double costs, under § 3736, 2 Comp. Laws.

Subsequently on application to a Circuit Court Commissioner the plaintiffs had their costs taxed at double the amount of the common or single costs in the case, to which defendants excepted, and thereupon moved the Court for a re-taxation thereof.

*Parsons & Pratt*, Defendants Attorneys.

*E. G. Fuller*, Plaintiffs' Attorney.

*By the Court*, Upson, J.—Under § 3736, 2 *C. L.*, the plaintiffs in this case are entitled to recover "double costs," and the taxing officer taking the words. in their apparent literal sense, has actually doubled the single costs in his taxation. This. construction is erroneous. "Double or treble costs are not to be understood to mean according to their literal import twice or. thrice the amount of single costs."

When a statute gives *double* costs, the true mode of estimating them is, first, to allow the plaintiff or defendant the single costs, including the expenses of witnesses, counsel fees, &c., and thence to allow him one *half* the amount of the single costs, without making any deduction on account of those expenses." 2, *Tidds Prac.*, 987, 988; 4, *Barn. & Cress*, 889; 7, *Dowl & Ryl*, 484.

"If treble costs are given, they are calculated thus : 1, the common costs ; 2, half of these ; and then half. of the latter." 1, *Chit. Prac.*, 27 ; 4, *Barn. & Cress.*, 154; 1, *Chit, Rep.*, 137.

This is the rule at Common Law law and it is embodied substantially in § 5605 of our comp. laws as to double costs.

This section of our statute is also copied from the Revised Statutes of New York, (2 N. Y. R. S., 617, § 24,) and the Supreme Court of that State in commenting upon and giving a construction to that section say, " The legislature have now defined what they mean by allowing *double costs*, viz : the common costs and one half thereof in addition, adopting the rule of computation common in England, and the Court in the same case adopt the common law definition of treble costs as above given. 9 *Wend.*, 443; and in 9 *Wend.*, 464, the Court in refer. ring to the same statute say that it gives " *double costs*" and in the 18th *N. Y. Reports*, 260, the Court held that the statute was still in force and not repealed by the code, and after quoting the words, " recover the amount of his taxed costs and one half thereof in addition," they add this comment, " being what is called *double costs*, and by the next succeeding section the double costs awarded shall be deemed to belong to" &c. The succeeding section in the N. Y. Statute so referred to is the same as § 5606, in our Compiled Laws and stands in the same connection.

The decision in 9 *Wend.*, 443, construing this statute as a definition of double costs was made in 1832, long before the enactment of our Revised Statutes, and independent of the common law definition of the words "double costs," our legislature in adopting this statute from the statute of New York would be considered as adopting it with the construction her courts had then put upon it.

The motion for retaxation must be granted with $3 costs.