## MARY J. BURNETT, APPELLANT, v. JANE GOULD, RESPONDENT.

*Reference of a disputed claim — the statute must be strictly followed — 3 R. S. (6th ed.), 96, 97, secs. 47, 48 — A creditor's action will not lie until a judgment has been procured.*

The provisions of the Revised Statutes (3 R. S. [6th ed.], 96, 97, §§ 47, 48) providing for the reference of disputed claims against the estate of a deceased person must be fully and strictly complied with. If any of the proceedings thereby required be not taken the judgment entered upon the report of the referee will be void.

A creditor's debt must be ascertained and determined by a judgment before he can proceed in equity to collect the same from the equitable assets of the debtor.

APPEAL from a judgment, entered in Monroe county at an equity term of this court in favor of the defendant.

*Martin W. Cooke*, for the appellant.

*D. B. Beach*, for the respondent.

HAIGHT, J.:

This action was brought to set aside a deed of lands in Monroe county, made by one Asa Bass to the defendant, upon the ground that the conveyance was made to hinder, delay and defraud the existing creditors of the grantor. Asa Bass, the grantor, died in September, 1872. The plaintiff claims to have recovered a judgment against the executor of the deceased for $721.48, and that Isaac Burnett recovered a judgment against the same executor for $1,104.47, and that such judgment was assigned to her. To sustain her action she offered these judgments in evidence. They were

objected to and ruled out by the court. It appears from the evidence in the case that the claims of the plaintiff and of Isaac Burnett were presented to the executor to be allowed; that the executor disputed the claims, and that thereupon an agreement was made and entered into in writing between the executor and H. Sargeant, as attorney for Mary J. Burnett and Isaac Burnett, by which they agreed to refer the claims to George W. Rawson, Esq., to hear, try and determine; that such agreement was approved by the surrogate of Monroe county on the 1st day of October, 1872. A careful search of the clerk's office of such county fails to disclose the fact that the original agreement was ever filed. Copies, however, appear attached to the judgment roll. Mr. Sargeant testifies that according to his recollection he filed the original agreement in the clerk's office. It further appears that no order was entered in the case of Mary J. Burnett upon such agreement, referring her claim to said Rawson. It also appears that no order was entered upon such agreement, referring the claim of Isaac Burnett to said Rawson prior to the 17th day of May, 1875. The referee made and filed his report in the office of the clerk on the 23d of April, 1875, in the case of Isaac Burnett, and on the 25th day of January, 1875, in the case of Mary J. Burnett. Judgments were entered upon the reports of the referee so filed without the report ever having been confirmed or judgment ordered thereon by the court.

The first question to be considered is, whether or not these judgments are valid judgments. The statute provides that: "If the executor or administrator doubt the justice of any claim so presented, he may enter into an agreement, in writing with the claimant, to refer the matter in controversy to three disinterested persons, or to a disinterested person, to be approved by the surrogate; and upon filing such agreement and approval of the surrogate in the office of a clerk of a Supreme Court, in the county in which the parties, or either of them, reside, a rule shall be entered by such clerk, either in vacation or in term, referring the matter in controversy to the person or persons so selected. The referees shall thereupon proceed to hear and determine the matter and make their report thereon to the court in which the rule for their appointment shall have been entered. * * * The court may confirm such report and adjudge costs, as in actions against executors, and the judgment of the

court thereupon shall be valid and effectual in all respects as if the same had been rendered in a suit commenced by the ordinary process." (3 R. S. [6th ed.], 96, 97, §§ 47, 48.)

The provisions of this statute must be fully complied with in order to render the judgments valid. It requires:

*First.* An agreement in writing on the part of the claimant and the executors or administrators of the deceased, that the matter in controversy be referred. It requires that such agreement be approved by the surrogate of the county. The agreement must be filed in the office of the clerk of the county, who must thereupon enter an order or rule of the court, referring it to the referee or referees agreed upon. The court only obtains jurisdiction by the filing of the contract and entering the order of reference. The referee appointed, after the taking of the evidence submitted by the respective parties, must make his report to the court, and before judgment can be entered, the report must be confirmed by the court, and judgment ordered thereon. None of these provisions of the statute can be dispensed with. If it should be found as a fact that the original agreement was in fact filed, the court would still be without jurisdiction as to the claim of Mary J. Burnett; for in her case no order of reference was entered; and if it should be conceded that the court had acquired jurisdiction through the filing of the agreement, and the entering of the order of reference in each case, still these judgments would be void, for the reason that the referee's report has never been confirmed, or judgment ordered by the court. (*Robert* v. *Ditmas*, 7 Wend., 522, 525; *Comstock* v. *Olmstead*, 6 How. Pr., 77; *Tracy* v. *Suydam*, 30 Barb., 110, 116; *Bucklin* v. *Chapin*, 1 Lans., 443; *Coe* v. *Coe*, 37 Barb., 232.)

The appellant upon the trial sought to introduce evidence proving her claims against the estate of the deceased, and then to recover as creditor, without having her claims first prosecuted to judgment. Under the authority of *Bucklin* v. *Chapin* (35 How., 155), this evidence was excluded by the court, and, we think, properly. It has been repeatedly held that the creditor's debt must be ascertained and determined by a judgment, before the creditor can proceed in equity for the collection of the debt out of assets liable only in equity. (*Estes* v. *Wilcox*, 67 N. Y., 264; *Adee* v. *Bigler*,

81 id., 349; *Geery* v. *Geery*, 63 id., 252; *Southard* v. *Benner*, 72 id., 424.)

The judgment should be affirmed, with costs.

SMITH, P. J., and HARDIN, J., concurred.

Judgments affirmed, with costs.