### SCHENCK *v.* RICKABY.

*(Supreme Court, Special Term, New York County.* February, 1891.)

COSTS—LIABILITY OF EXECUTOR—HOW DETERMINED.

Code Civil Proc. N. Y. § 1836, permits the court to award costs against an executor or administrator, "having reference to the facts which appeared upon the trial;" and provides that, if the action is brought in the supreme court or in a superior city court, "the facts" must be certified by the judge before whom the trial took place. *Held,* that the question whether or not the costs shall be awarded against the executor or administrator must be determined from evidence received at the trial; and that, therefore, the facts on which the executor's or administrator's liability depends are properly pleaded in the complaint, and a motion to strike them out will be denied.

At chambers. This action was brought by Rebecca J. Schenck against Hamilton Rickaby, executor, etc., of Sarah B. Philips, deceased, for services rendered deceased. The complaint alleged that plaintiff had duly served a verified claim on the executor. Defendant now moves that this allegation be stricken out. Code Civil Proc. N. Y. §§ 1835, 1836, provides as follows: "Sec. 1835. Where a judgment for a sum of money only is rendered against an executor or administrator, in an action brought against him in his representative capacity, costs shall not be awarded against him, except as prescribed in the next section. Sec. 1836. Where it appears, in a case specified in the last section, that the plaintiff's demand was presented within the time limited by a notice, published as prescribed by law, requiring creditors to present their claims, and that the payment thereof was unreasonably resisted or neglected, or that the defendant refused to refer the claim, as prescribed by law, the court may award costs against the executor or administrator, to be collected either out of his individual property, or out of the property of the decedent, as the court directs, having reference to the facts which appeared upon the trial. Where the action is brought in the supreme court, or in a

superior city court, the facts must be certified by the judge or referee before whom the trial took place."

*Clark Bell*, for plaintiff.    *Martin Smith*, for defendant.

ANDREWS, J.   The question whether costs shall be awarded against an executor or administrator, pursuant to sections 1835 and 1836 of the Code, is to be determined by the court, and there are several provisions of section 1836 which imply that evidence tending to show whether the case is one which is covered by these sections is to be received on the trial, not to aid the jury in finding a verdict, but to enable the court to decide whether costs shall be awarded against the defendant.   Said section declares that, where certain things appear, the court may award costs against an executor or administrator, having reference "to the facts which appeared on the trial;" and the facts which enable the court to determine whether costs shall be awarded against the defendant cannot appear "on the trial," unless evidence is given "on the trial" which shows whether or not the case is one of those mentioned in said two sections.   Moreover, said section 1836 provides that when the action is brought in the supreme court, or in a superior city court, "the facts" must be certified by the judge or referee before whom the trial took place.   It is not declared in this section of the Code, or in any other one, that the judge or referee shall ascertain such facts by means of affidavits; and the clear implication from such provision is that the judge or referee is presumed to ascertain such facts from evidence given on the trial, and it is because he is presumed to have ascertained such facts in that manner that he is required to furnish the certificate.   It is true that when such facts do not appear on a trial before the court, motions for costs against executors, based upon *ex parte* affidavits, are sometimes made and granted; but I am of the opinion that this was not the mode of procedure contemplated by the Code; and in *Ely* v. *Taylor*, 42 Hun, 205, it was held by the general term of the fourth department that where a referee had certified that an administrator had refused to refer a claim, such certificate could not be controverted by affidavits of attorneys and interested parties.   It seems to necessarily follow that if evidence can be given on the trial to prove the facts which will authorize the court to award costs against an executor or administrator, it is proper to set forth such facts in the complaint.   The motion to strike out portions of the complaint is therefore denied, with $10 costs to the plaintiffs to abide the event of the action.