ANNABELLA BABBAGE, as Administratrix, etc., of EDWIN F. BAB-BAGE, Deceased, Appellant, *v.* EDWARD WEBSTER, as Administrator, etc., of JOHN BABBAGE, Deceased, Respondent.

*Reference of a claim against a decedent's estate — costs on dismissal of the claim.*

In a reference under the statute of a claim against a decedent's estate, the award of costs as in an action, to the defendant and against the plaintiff, on the dismissal of the claim for any cause, rests entirely in the discretion of the court. *Semble,* that no certificate of the judge or referee before whom the proceeding is heard is necessary where costs are awarded against the claimant.

APPEAL by the plaintiff, Annabella Babbage, as administratrix, etc., of Edwin F. Babbage, deceased, from so much of an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of Monroe county on the 1st day of March, 1893, as allowed costs as in the above entitled action, to the defendant, on confirmation of the report of a referee dismissing the claim, on a reference, under the statute, of a claim against the estate of John Babbage, deceased.

*C. H. Gorham,* for the appellant.

*R. C. Webster,* for the respondent.

DWIGHT, P. J.:

The proceeding was on a claim against the estate of a deceased person, which was referred by consent under the statute. (2 R. S. 88, 89, §§ 36, 37; Birdseye, 1132, §§ 179, 180.)

The report of the referee shows that after the appointment for a hearing the case was adjourned from time to time at the instance of the plaintiff, and that on the last adjourned day no evidence was offered on the part of the plaintiff, and the proceeding and claim were accordingly dismissed. The court at Special Term confirmed the report of the referee and ordered judgment in favor of the defendant, dismissing the claim, with costs. It is from the latter provision only of the order that this appeal is taken. It is clearly not well taken. The award of costs in these proceedings is entirely controlled by two statutory provisions, one of which is that cited above from the Revised Statutes; the other is contained in sections 1835 and 1836 of the Code of Civil Procedure. The provision of the Revised Statutes (2 R. S. 89, § 37, *supra*), is that the court may confirm the report of the referee " and adjudge costs *as in actions against executors*," and the provision of the Code referred to establishes the rule as to costs in actions against executors. But it is to be observed that the rule relates only to costs against the *defendants* in such actions, and does not affect the award of costs against the plaintiffs. The provision is, in effect, that only when the plaintiff's demand is duly presented, and either payment is unreasonably resisted or neglected, or reference is refused, can costs be awarded against the executor or administrator, and it is these facts as to presentation, resistance of payment and refusal to refer which must be certified by the judge or referee who tried the case. There is, therefore, nothing in the two provisions of the statute, taken together, which limits the discretion of the court to award full costs to the defendant and against the plaintiff in the proceeding by reference like the present, and all the cases cited by counsel for the appellant requiring a certificate of the referee as a condition of the award of costs are cases in which judgment was in favor of the plaintiff, and the question was as to the award of costs against the executor or administrator defendant. (*Ely* v. *Taylor*, 42 Hun, 205; *Mersereau* v. *Ryerss*, 12 How. Pr. 300; *Morgan* v. *Skidmore*, 3 Abb. N. C. 92; *Schenck* v. *Rickaby*, 14 N. Y. Supp. 444.)

There is no doubt of the discretion of the court to award costs, as in this action, against the plaintiff in a proceeding like this, whenever the complaint is dismissed for any cause.

The order must be affirmed.

LEWIS and HAIGHT, JJ., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.