By the Court,

Cowen, J.
The plea is clearly bad. The judgment gave no preference to Gainer over the claim of the plaintiffs (2 R. S. 87, § 28). Under our present system of administration, preferred debts are but few in number. Debts entitled to preference under the laws of the United States, taxes, and judgments against the deceased at the time of his death, constitute the 1st, 2d and 3d classes; all judgments against his personal representatives, and recognizances, bonds, sealed instruments, and demands on simple contract against the deceased, come in for equal dignity (2 R. S. 87, § 27, 28). As to all these, after the debtor’s decease, no preference can be created by the acts of the parties, nor in any other way, except as to rents, in respect to which a preference may be given at the discretion of the surrogate (id. § 28 and § 30). To the surrogate the whole administration is committed, in so far that no execution can in general go upon a judgment obtained after the death, except on a full accounting before the surrogate on an order made by him. The common law courts are reduced to little more than mere instruments of liquidation (id. 88, § 32; 9 Wendell, 448, 486; 2 R. S. 116, § 19). Ample provision is made for proceeding to a general account and payment of judgments obtained after the death of the testator or intestate, and of the bonds, &c., of the deceased, as claims of the same degree, and in dividends pro rata (id. 88, § 34, et seq; id. II6, § 19, et seq). The plea adopted here would have been good at common law, had our statute stopped with bringing bonds and contracts to the same level, for in respect to debts of equal degree the first judgment must have been first satisfied (2 Williams Executor, 679, 680, and the cases there cited). The doctrine is very familiar, and it constitutes the sole foundation of the plea, the form of which may be found in 3 Chit. Pl. 947, 8, ed. of 1828. The sole principle of the pica used to be, that by recovering a judgment, assets pro tanto became tied up in the hands of the defendant, and as it were appropriated by law to the payment of the judgment; and if there were no assets beyond, the defendant might be said in one sense to have fully administered. The statute destroying the principle, this plea of course [561] falls to the ground. As well might the administrator have pleaded a simple contract with riens ultra,as now to plead this judgment. The old system of preferential administration being almost entirely subverted, all the pleadings and other parts of the ancient superstructure in so far as it was raised for the protection of that system, have gone with it.
The thirty-first section, page 88, allows a defence, on notice with the plea, adapted to the present order of preference and pro rata distribution, though it is very difficult to perceive how a common law verdict and judgment can be made to look into the concerns of the whole estate and fix the exact rates of recovery. The provision seems to me to be of little if any practical *316 benefit; for looking at the various powers of the surrogate (2 R. S. 87, 8, § 30, 32, 33, and id. 116, § 19 to 22 inclusive), execution must, in all cases which 1 have been able to conceive, go upon his order, not only in the first instance, but for assets qiianio acciderint. However formal, full and specific the verdict and judgment may be under section 31, in respect to present or future assets, I can not see, when I look at the plain and broad words giving power to the surrogate, that they may be received to conclude or in any way control him in marshaling assets. Were this not so, a verdict at law between A. and B. might exhaust the estate, and leave the great mass of the creditors without any satisfaction for their debts. At all events it is safe to say that any other mode of pleading, founded on notions of preference, beside that given by the 31st section, is gone. That declares that the defendant may give notice with his plea, whatever it is, that there are debts of a prior class, or unpaid debts of the same class; the judgment is to go only for the assets ultra or pro rata, and the plaintiff may take judgment also for the assets in f uturo. Matter of defence under § 36 could not, as the defendant supposes, be received under this plea.
Judgment for plaintiffs.