# MITCHELL *a.* MOUNT.

*Supreme Court, First District; General Term, March,* 1864.

JUDGMENT AGAINST EXECUTOR.—PRIORITY OF PAYMENT.—EX-
ECUTION.—ACCOUNTING.

Under 2 Rev. Stat., 116, § 20,—authorizing the surrogate to require an account-
ing from an executor against whom judgment has been rendered, after a trial
at law upon the merits, and, if assets properly applicable to the judgment are
disclosed, to direct an execution to issue,—the surrogate has not power to or-
der an execution, where the debts of the deceased exceed the assets, in such a
case as to give a preference to a debt which is not by the statute entitled to
such preference.

The surrogate has no power to order an execution to issue upon a judgment re-
covered against the executor for a debt of the deceased, unless it has been as-
certained by an accounting what sum is properly applicable to the payment of
the judgment; and then the execution can only be issued for the sum so ap-
plicable.

The recovery of judgment against an executor or administrator for a debt of the
deceased, creates no preference. The fact that the suit was commenced against
the deceased in his lifetime, does not alter the rule.

Appeal from an order of the surrogate of New York county.

This was an appeal taken by Richard E. Mount, Jr., execu-
tor of William B. Moffat, from an order allowing an execution
against him upon a judgment recovered by John Mitchell and
Abraham Cummings. The action was pending against Moffat,
in the New York Common Pleas, at the time of his death. The
action was continued against Mount as executor; and plaintiff,
in July, 1863, had judgment for $1261.70, after a trial at law
upon the merits. In September, 1863, the plaintiff filed a pe-
tition in the Surrogate's Court, setting forth the facts and ask-
ing leave to issue execution on the judgment. The surrogate
cited the executor to show cause why execution should not is-
sue. The executor appeared to oppose, and showed that he had
received in money from the personal estate only $11,000; that
there was other personal estate of which he could not take pos-
session; that the debts of the deceased were $42,000; that the
real estate of the deceased, valued at $500,000, was incum-

bered by mortgages and unpaid taxes to the extent of $350,000; that it could not be sold at its fair value on account of the pendency of suits affecting the title. He also averred his belief that at the expiration of eighteen months from the date of the letters testamentary he would be able to account, and to pay in full the debts of the deceased. The surrogate directed that the execution issue, and the executor appealed.

*Gouverneur Tillotson*, for the appellant.—I. The surrogate had no authority to issue the citation. The application was under 2 Rev. Stat., 116, § 19; the next section prescribes the form of the citation, which must be for an accounting (§ 20). The accounting is necessary to show: 1. Whether there are any assets applicable to the judgment; 2. The amount of such assets. The citation issued by the surrogate not being authorized by the statute was void *ab initio*, and all subsequent proceedings under it are void.

II. It appearing from the affidavit of the executor that the personal property was insufficient to pay the debts, the execution, even if authorized at all, should have issued only for the amount properly applicable to the judgment. The statute expressly prohibits the surrogate in such case from issuing execution for the full amount of the judgment.

*William R. Stafford*, for the respondents.

CLERKE, J.—On appearing before the surrogate, on the order to show cause, the executor showed that he had only received from the personal estate $11,000, and that the personal debts amounted to $42,000. Notwithstanding this, the surrogate decided that the judgment should be forthwith paid, and accordingly ordered an execution against the executor for the full amount of the judgment.

The statute (3 *Rev. Stat.*, 5 ed., 204, § 21), authorizing the surrogate to order an execution to be issued in such cases, does not authorize him to order an execution in cases where the debts exceed the assets, unless it is a debt that has a preference. Otherwise, this section would completely nullify the previous provision contained in article 2 (3 *Rev. Stat.*, 5 ed., 174, § 31), which directs every executor and administrator to pay the

debts of the deceased, according to a specified order of classes: 1. Debts entitled to a preference under the laws of the United States; 2. Taxes assessed upon the estate of the deceased previous to his death; 3. Judgments docketed and decrees enrolled against the deceased, according to the priority thereof respectively; 4. All recognizances, bonds, sealed instruments, notes, bills, and unliquidated demands and accounts.

The judgment recorded by the respondents gives them no priority. It was not recorded against the deceased during his lifetime, but against his executor. It is, therefore, to be regarded as belonging to the fourth class; and the statute expressly provides (3 *Rev. Stat.*, 5 ed., 174, § 32), that no preference shall be given in the payment of any debt over other debts of the same class, except those specified in the third class; nor "shall the commencement of a suit for the recovery of any debt, or the obtaining a judgment thereon against the executor or administrator, entitle such debt to any preference over others of the same class." Under our present system of administration of the estates of deceased persons, all judgments against their personal representatives come in only for equal dignity with recognizances, bonds, sealed instruments, and demands on simple contract. (See Parker a. Gainer, 17 *Wend.*, 559; Butler a. Hempstead, 18 *Ib.*, 666.)

It is quite clear, therefore, that the surrogate had no authority to order execution for the payment of this judgment; the most that he could do would be on the accounting by the executor, under the order to show cause, to order an execution for the sum that may have appeared on the settlement of the account to have been a just proportion of the assets applicable to the judgment. (3 *Rev. Stat.*, 5 ed., 174, § 36.) It does not appear from the case that any attempt at a settlement of the account has been made, so as to enable the surrogate to ascertain what that proportion may be. Indeed, he says nothing of a settlement of the account in the order appealed from; he merely says, that it appears there are sufficient assets in the hands of the executor. This is not sufficient to authorize the issuing of an execution against the executor for any amount. There must first be a settlement of the account, to ascertain the proper proportion. Whether this is practicable in any case before the final settlement, is questionable.

The order of the surrogate should be reversed, with costs of the appeal.

SUTHERLAND and LEONARD, JJ., concurred.