BULLOCK and others *vs.* BOGARDUS, executor.

The omission of an executor or administrator to publish a notice requiring the creditors of the deceased to exhibit their claims, pursuant to 2 *R. S.* 88, § 34, does not subject them or the estate to the costs of a suit subsequently brought.

The case of *Harvey* v. *Skillman,* (22 *Wend.* 571,) so far as it holds a contrary doctrine, overruled.

There are only two grounds for awarding costs against an executor or administrator: (1) Where the claim has been presented and payment has been unreasonably resisted or neglected ; (2) Where there has been a refusal to refer, the claim being disputed.  *Per* BEARDSLEY, J.

If the executor or administrator has no assets, costs cannot be given for refusing or neglecting to pay.

Where the justice of the demand is admitted, costs cannot be given for a refusal to refer.

Costs cannot be given against an executor or administrator, where a notice to creditors has been duly given and the claim has not been presented within the period required by law thereafter.  *Per* BEARDSLEY, J.

Where $225 was claimed, and $39,25 only recovered, in a case where accounts to over $400 were proved on the trial, *held* that costs could not be given for unreasonable resistance or neglect, the reduction of the amount shewing that the litigation was justifiable.  *See note* (*a*).

MOTION for costs in a suit against an executor.   The defendant's testator died in 1842, and no order for publishing notice had been made, and no notice had been published for creditors to present their claims.   The suit was commenced in November, 1844, on a note made by the testator, and there was a default, assessment and rule for judgment in January, 1845 ; damages, $101,90.   The defendant had been called on to settle the note ; and in July, 1844, he was written to and requested to pay in fifteen or twenty days, and threatened with a suit in case he did not do so.   He answered the letter in August, 1844, stating that

he could not pay at present, as the personal property had been fully applied in the payment of debts; that the real estate would be sold so that payment could be made by the first of April, 1845, or he would pay at once in a pair of cattle.

The defendant in his affidavit states, that he never denied or disputed the demand, but omitted to pay because he had no funds of the estate in his hands.

*J. Newland,* for the plaintiffs.

*H. H. Martin,* for the defendant.

*By the Court,* BEARDSLEY, J. Costs cannot be allowed in this case on the ground that payment " was unreasonably resisted or neglected," nor for a refusal to refer under the statute. The defendant is not shown to have had any assets in his hands with which he could have paid the note, and as the justice of the demand was not denied, there was nothing to refer. (2 *R. S.* 88, §§ 35 to 41.) But the executor had not given notice to the creditors to present their claims, and for this cause alone, it is urged, costs should be adjudged against him. I do not so understand the law. An executor is not bound to give this notice in any case, and he violates no duty by its total omission. He may give notice for his own protection, or for the benefit of the estate he represents, (§§ 39, 40, 41,) but I find nothing in the statute which makes such notice compulsory on him, or subjects him to costs for a failure to give it. Where notice has been given, and the claim is not presented in time, costs are never allowed in an action brought for its recovery. (§§ 39, 41.) And by the express words of the statute, costs shall not "be recovered *in any suit at law,* against any executor or administrator, to be levied of their property or of the property of the deceased, unless it appear that the demand on which the action was founded was presented within the time" required by the notice, when given, " and that its payment was unreasonably resisted or neg lected, or that the defendant refused to refer the same." (§ 41.) There is no exception or limitation in this clause: it applies *to*

Bullock *v.* Bogardus.

*any and every suit at law* against executors or administrators, and it is the only authority for adjudging costs against them. Two grounds are indicated in the section, on either of which costs may be allowed.   1. A refusal to refer, the claim being disputed.   2. An unreasonable resistance or neglect of payment, the demand having been presented.   This must be taken with the qualification, that where notice has been published, the demand must have been presented within the time limited by law ; but if notice has not been given, the presentation may be at any time, and such resistance or neglect to pay will entitle the plaintiff to costs.   There is no authority, in my opinion, for an allowance of costs on any other ground, or for any other cause, than those stated.   In this case no such cause is shown, and the motion for costs must be denied.   (*See the case of Walrath* v. *Van Duzen, decided April,* 1844.) (*a*)   I am aware that *Harvey* v. *Skillman* (22 *Wend.* 571) holds a different doctrine. That case may have been rightly decided, and I do not intend to make a question that it was, as the report shows that the executor had unreasonably neglected to pay the demand ; but beyond this I think the case cannot be sustained on the statute, as it certainly stands opposed by the current of authority on the subject, some of which are referred to in the report of the case.

Motion denied.

(*a*) In the case referred to, which was a motion for costs where no notice had been published, though the time for doing so had elapsed, the plaintiff had presented a claim for $225, and the defendant, an executor, had declined to pay and refused to refer.   The suit was then brought, and the plaintiff recovered $39,25, but upon the trial, accounts and demands to over $400 were proved.   It was held, Beardsley, J. giving the opinion, (1) As in the principal case, that the omission to publish the notice did not of itself entitle the plaintiff to costs ; (2) That the recovery, being so much less than the amount claimed, shewed that the resistance of the demand and neglect of payment were not unreasonable, and that costs could not be given on that ground ; but (3) That the refusal to refer, did entitle the plaintiff to costs.