## FORT and wife *vs.* GOODING and others, Ex'rs of Gooding.

Where executors omit to give notice to the creditors of the testator, to exhibit their claims, with the vouchers thereof, no laches is imputable to a creditor for not presenting his account at an early day.

There are but two grounds on which executors are chargeable with costs, under § 41, 2 R. S. 90; 1st. When the claim has been presented, and payment has been unreasonably resisted or neglected; 2d. When there has been a refusal to refer, under § 36, the claim being disputed.

Where creditors presented to executors a claim against the estate of their testator, substantiated by their oath, and the executors refused to pay it, although they had ample funds for that purpose; and they denied the justice of the whole claim, without offering to refer it, and refused to accept a fair offer of settlement; and upon suit brought against them the claim was reduced only about one fifth in amount, and that reduction was not occasioned by a failure of the creditors to prove the performance of the whole of the services charged, nor by the establishment of an offset, but arose from a difference of opinion between the referee and the creditors as to the value of services, when no precise sum had been agreed upon, and the claim rested upon a *quantum meruit*; HELD that the executors were properly charged with costs, on the ground that they had unreasonably resisted the payment of the demand.

The refusal, by executors, to refer a claim against the estate, may be either by the rejection of an offer to refer, made by the creditor; or by some equivalent act, on their part. An unqualified rejection of the claim, unaccompanied with an offer to refer, is equivalent to a refusal to refer.

A creditor ought not to be required, as a condition to entitle him to costs, to ask executors to refer a claim after the latter have rejected it, as unjust and not due.

Where a suit was brought against executors, upon a claim for personal services rendered the testator, and the defendants unnecessarily severed in their defenses, employing three separate attorneys, thereby increasing the labor of the plaintiffs' attorney threefold, and the trial of the cause occupied sixteen days; *Held* that it was an "extraordinary case," justifying an extra allowance under § 308 of the code.

THE motion to set aside the report of the referee, in this case, having been denied, as reported, ante, page 377, the plaintiffs, upon affidavits and the pleadings and other papers, applied to the court at special term, for costs against the defendants, to be paid out of the estate of the testator, under 2 R. S. 90, § 51;

Fort *v.* Gooding.

and also for an extra allowance under section 308 of the code of procedure.

The plaintiff, in his affidavit, swore that he and his wife endeavored to have the claim allowed and paid without suit, and offered, after the death of the testator, to take an amount $200 *less than the report of the referee,* for the sake of an amicable settlement; and they also offered to leave the matter out, or have it referred, but none of these offers were accepted by the defendants, but they resisted and neglected the payment of the claim. Three of the defendants, with respect to the foregoing part of the plaintiffs' affidavit, stated " that the plaintiffs or either of them did not at any time previous to the commencement of this suit, make any offer to these defendants or either of them to refer the matters in controversy in this action to a referee or referees *to be appointed under the approval of the surrogate, or to an arbitrator,* nor did they ever offer to either of these defendants to take a less sum *than they claimed to recover.*" David E. Gooding, another of the executors, swore that he never heard of the claim until about a year after the death of the testator ; that the executors were entirely ignorant of any such claim, and had every reason to believe that no such claim existed, and that they defended the suit in good faith, and from a conviction that the claim was not just. This defendant, in a supplementary affidavit in which he united with another executor, Matthew Gooding, alledged that the plaintiffs did not, previous to the commencement of this suit, make any offer to these defendants to refer the matter in controversy to a referee or an arbitrator. And they denied that the plaintiff offered to accept a less sum than the amount reported by the referee to be due. They alledged that the action was defended in good faith.

The estate of the testator was shown to be abundantly ample to meet all debts, being in amount variously estimated at from $35,000 to $50,000. The defendants appeared and defended by three different attorneys ; thus making it necessary for the plaintiffs to serve papers, notices, &c. on three persons instead of one. The trial before the referee consumed fifteen or sixteen days, and thirty-three witnesses were examined, and eight or

nine attorneys were employed on the part of the defendants, during the progress of the suit.

The judge at the special term charged the defendants with costs, to be paid out of the estate of the testator. He also allowed the plaintiffs ten per cent on the amount of the recovery, in addition to the other costs and disbursements, to be paid out of the estate. From this decision the defendants appealed to the general term.

*E. D. Culver*, for the plaintiffs.

*C. L. Allen*, for the defendants.

*By the Court*, WILLARD, J. As the defendants did not give notice to the creditors of the testator, to exhibit their claims with the vouchers thereof, as they were permitted to do by the 34th section of the act, (2 *R. S.* 88,) no laches is imputable to the plaintiffs for not presenting their account at an earlier day. The case of *Harvey* v. *Skillman*, (22 *Wend.* 571,) which held that the omission of executors to publish such notice, subjected them to costs, has been in that respect overruled in *Bullock* v. *Bogardus*, (1 *Denio*, 276,) and in *Russell* v. *Lane*, (1 *Barb. S. C. Rep.* 523.) There are but two grounds on which executors are chargeable with costs under § 41, 2 *R. S.* 90; (1.) when the claim has been presented, and payment has been unreasonably resisted or neglected; (2.) when there has been a refusal to refer, under § 36, the claim being disputed. (1 *Denio*, 276,)

I. Has payment of this claim been unreasonably resisted or neglected? The result of the trial shows that the plaintiffs' claim was just, and ought to have been paid. The funds in the hands of the executors were ample to meet every debt against the estate. Although the amount of the report of the referee fell short of the claim set up in the complaint, it is not shown to have been reduced by any counter claim on the part of the estate. There is no such difference between the sum claimed and the sum allowed, as to justify the imputation of extortionate motives on the part of the plaintiffs. The objection of the defendants to the

claim was not to a *part* of it only, but to the *whole*. They denied it altogether, and treated it as "unjust and not due." Had they objected only to the part which the referee rejected, and declared a willingness to pay the balance, their resistance of the excess would have been reasonable and proper. In *Nicholson* v. *Showerman*, (6 *Wend*. 554,) costs were not allowed to the plaintiff, though the defense failed. Sutherland, J. remarked that it did not necessarily follow that it was improper to make the defense, though it did fail; "*for aught that appears, the evidence in the case may have been nearly balanced.*" In the present case no such conjecture can be indulged.

This case is distinguishable from *Carhart* v. *Blaisdell's Executors*, (18 *Wend*. 531.) There the plaintiff claimed between four and five hundred dollars; and the defendants did not offer to pay any thing; but the cause was referred under the 36th section 2 R. S. 88. The referee reported in favor of the plaintiff only one hundred and thirty dollars, which the defendants paid. The court remarked that they could not say that the payment was unreasonably neglected or resisted.

It was said by Savage, Ch. J. in *Roberts* v. *Ditmas*, (7 *Wend*. 528,) that if a creditor presents a claim known to be a fair one, and there is property enough to pay it, not liable to pay debts of a higher class, it is the duty of the executor or administrator to pay it; and a refusal to pay under such circumstances was in his judgment unreasonable. If the executor doubts the correctness of the account, the statute provides that not only the vouchers may be required, but also the affidavit of the claimant. If he should still remain unsatisfied, he may resist; and if upon the trial it shall appear that he had good reason for such resistance, he can not for that cause be subjected to costs. In the present case, the claim was substantiated by the plaintiff's oath, and the defendants refused to pay, and denied the justice of the whole claim. They did not offer to refer. The plaintiffs' claim is reduced by the referee, a small amount. This reduction was not occasioned by a failure of the plaintiffs to prove the whole services as charged, nor by the establishment of an offset; but arose from a difference of opinion between the referee and the

plaintiffs as to the value of services, when no precise sum had been agreed upon, and the claim rested upon a *quantum meruit.* In *Roberts* v. *Ditmas,* (*supra,*) there were mutual claims on both sides. The plaintiff presented two accounts, at different times, and the defendant as many ; and the plaintiff's claim was reduced, and the entire offset of the defendant allowed. The sum recovered was less than one-half the sum claimed, and this court held, under the circumstances, that the resistance was not unreasonable.

In the present case, but one account was presented by the plaintiff, and it was properly verified. In *Russell* v. *Lane,* (1 *Barb.* 519,) this court held that the creditor was not bound to exhibit the evidences of his claim, or make oath to the justice of it, unless required to do so by the personal representatives of the deceased. Although not required by the executors in this case, the usual evidence was furnished of the correctness of the account, and that it was still justly due, and no payments had been made. In *Russell* v. *Lane,* (*supra,*) the claim presented was for $1480, and no credit given, and the claim not verified. The plaintiff, on an action brought, recovered only $300. Mr. Justice Hand ruled that this reduction of the demand was an answer to a motion for costs, founded on that branch of the statute which makes executors liable for costs for unreasonably resisting or neglecting the payment of a claim. He admitted, that under peculiar circumstances, costs might be awarded against executors or administrators, although the demand had been greatly reduced by the referee or jury. In that case the referee had allowed but one-fifth of the claim, and there was no circumstance taking the case out of the general rule. In the present case about four-fifths of the amount claimed was allowed. The deduction was not on account of the rejection of any item, but on account of a difference of opinion as to the value of services, actually performed.

There can be no good reason why a creditor should be compelled to prosecute an executor or administrator at his own expense, when the estate is sufficient to pay all the claims against it, and the costs. Whether executors are considered as the repre-

Fort *v.* Gooding.

sentatives of a defaulting debtor, or the trustees of a fund, the creditor should, in justice, be reimbursed out of the fund, the necessary expenses of establishing his claim. Such should be the general rule. (*See* 7 *Wend.* 527, *per Savage, Ch. J.*) The 41st section (2 *R. S.* 90) modifies that rule to a certain extent. It withholds costs where payment of the demand has not been unreasonably resisted or neglected, and when the executors or administrators have not refused to refer. I think it was unreasonable to resist this demand. Had the defendants proposed to give, before suit, the sum which was finally recovered. it is not to be doubted that it would have been accepted in discharge of the claim. The denial that the plaintiffs, before suit, offered to take $200 less than the sum recovered, is equivocal. Some of the defendants merely deny that the plaintiff offered to take $200 less than the sum *claimed in the complaint.* No such charge having been made, the denial is evasive. It was unreasonable to defend, after a fair offer of settlement had been made.

II. There is some conflict in the affidavits, on the question, whether the defendants refused to refer the claim or not. The plaintiff swears that the claim was presented to the defendants, duly verified, and payment demanded, on the 14th of Nov. 1848. It was rejected by them, two of the executors indorsing their rejection on the claim, and signing it, and giving as a reason for rejecting it, that it was " unjust and not due." It is not denied that it was so presented, and absolutely rejected by all the defendants. The plaintiffs swear that many times previous to the presentation of the claim in Nov. 1848, they offered to refer the claim, but the defendants refused. It is not pretended that, at the time the account was presented, duly verified on the 14th Nov. 1848, the offer was repeated. The denial is, that the plaintiffs offered to refer the matters in controversy *to a referee or referees to be appointed under the approval of the surrogate.* The plaintiffs may have offered generally to refer the account, but without mentioning *with the approval of the surrogate.* It is not objected by the defendants that *they* ever offered to refer the matter, or that they would have consented to a reference had one been proposed. After an unqualified rejection of a claim as

Fort *v.* Gooding.

"unjust and not due," unaccompanied with any offer to refer it, under the statute, the creditor is under no obligation on his part to propose a reference. By the 38th section, the creditor is .bound in such case, if no reference be agreed to, to commence a suit within six months, and the executors or administrators, on the trial of any action founded upon such demand, may give in evidence, in bar thereof, under a notice annexed to the general issue, the facts of such refusal and neglect to commence a suit. This implies that the executors or administrators must propose the reference, when the account is rejected, or that such rejection amounts to a refusal to refer. If the account is admitted, there is then nothing to refer. If it is merely doubted, after vouchers have been exhibited, the 36th section permits the executors or administrators to enter into an agreement in writing with the claimant to refer the matter in controversy to three disinterested persons to be approved by the surrogate. The statute does not say by whom the reference must be proposed. It is probable that either party may submit that proposition. But the *refusal* to refer, when delay in bringing the action is urged by the defendants as a bar, is a part of the defendant's proof. This refusal may be either by the rejection of the plaintiff's offer, or by some equivalent act on his part. An unqualified rejection of the claim, unaccompanied with an offer to refer, is equivalent to a refusal to refer. There are no doubts to be solved by referees, either when the account is admitted, or denied and rejected. And in my judgment the creditor ought not to be required as a condition to entitle him to costs, to ask the executor or administrator to refer a claim, after the latter has rejected it as unjust and not due.

I think, therefore, on both grounds—the unreasonable resistance of the claim, and the refusal to refer—the defendants should be charged with costs, to be paid out of the estate of the testator.

The 317th section of the code exempts executors and administrators from costs, when they are now exempted therefrom, by § 41, 2 *R. S.* 90, and thus leaves the former law in force.

The remaining branch of the motion asks for an extra allowance under § 308 of the code, It is claimed both on the ground

that it was a difficult and extraordinary case, and also that the defense was unreasonably and unfairly conducted.

The cause was not in itself difficult, within the meaning of the code.   But I am of opinion that an action of this kind, which is so defended as to consume sixteen days, is an *extraordinary* case, ·justifying an extra allowance.   The regular fee bill affords no adequate compensation for professional services in such a cause.

It was unreasonable for the defendants to sever in their defenses.   The cause of action was joint, and the defenses were necessarily all alike.   The effect of defending by separate attorneys was to increase the plaintiffs' labor threefold, without any increase of compensation, unless the court can allow it under § 308.   The defendants had a strict right to employ several attorneys, but the plaintiffs should not be prejudiced by the extra labor thus cast upon them.   If the defendants insist on their extreme rights, they should not complain if they are required thus, in part, to indemnify the plaintiffs for extra labor.

The decision of the judge at special term was therefore right, and must be affirmed.

————•••————

SAME TERM.   *Before the same Justices.*