## SUPREME COURT.

LANNING agt. PETER SWARTS & DANIEL SWARTS, Administrators, &c.

An *offer* to refer an account presented to administrators for payment (2 *R. S.* 88, § 36) need not be in writing; it is good by parol.

Where in an action against administrators, the plaintiff's bill of particulars differs from the account previously presented to them for payment, in the charge of *interest* only, it is a variance which can not be regarded, because, interest is no part of the account, it is a mere incident or legal result.

*At Chambers, Penn Yan, April,* 1854.   This action was brought to recover the balance of an account claimed by the plaintiff to be due to him from the defendants' intestate in his lifetime, amounting to $20.75.   The account consisted of over twenty items bearing dates ranging from June 27, 1831, to November 21, 1845, inclusive.

At the proper time, the plaintiff presented the account for payment to the administrators, accompanied by the affidavit required by the statute, (2 *R. S.* 88, § 35,) and payment was refused on the ground there was nothing due.   The plaintiff then offered to refer the matter, pursuant to section 36 of the same statute, but the defendants refused to refer; whereupon the plaintiff brought this action.   The offer to refer was not in writing, but was merely verbal.   In the account presented before the action was brought, the last item was under date of November 21st, 1845, and amounted to 13 cents.   Then followed a charge of "interest on $15.50 of the above amount for five years," carried out at $5.25.   After the action was brought,

the defendants demanded a bill of particulars, which was rendered, and was in all respects like the one presented before the action was commenced, except that the said item of interest was put down at $8.50 instead of $5.25. The action was defended, and the plaintiff recovered judgment for the item of 13 cents before mentioned, and no more.

The plaintiff's counsel now moves for costs to be included in the judgment against the defendants.

J. S. SEELY, *for the plaintiff.*

J. TAYLOR, *for the defendants,* contended that the plaintiff was not entitled to costs, for the reasons :

1. That the offer to refer was by parol. It should have been in writing.

2. The bill of particulars of the demand sought to be recovered is not the same demanded before action brought. It is larger—and cited 1 *Denio,* 674, and 6 *Hill,* 386.

WELLES, Justice. The plaintiff is entitled to recover judgment for costs against the defendants, to be collected from the estate of the intestate. (2 *R. S.* 90, § 41; Bullock agt. Bogardus, 1 *Denio,* 276, *and note a, at the end of the case;* Hartshorn agt. King, *id.* 674; *Code,* § 304, *subd.* 3, *and* § 317.)

As to the objections of the defendants' counsel: 1. The law does not require the offer to refer to be in writing. The practice has been both ways, and I have never before heard it objected that an offer by parol was not good. 2. The account presented to the administrators was substantially like the one contained in the bill of particulars. The only variance is in the charge for interest, which can not be regarded, in respect of the present question, as a part of the account. · In the account presented, the charge for interest is put down at $5.25, and in the bill of particulars, interest on the same account is charged at $8.50. If the plaintiff was entitled to interest at all, it was a mere incident or legal result. The case is plainly distinguishable in this respect from those cited by defendants' counsel.