The judgment of the supreme court should be affirmed.

DENIO, *Ch. J.*, A. S. JOHNSON *and* HUBBARD, *J. J., delivered opinions deciding this law to be unconstitutional.*

MITCHELL, WRIGHT *and* T. A. JOHNSON, *J. J., delivered dissenting opinions.*

NOTE.—In consequence of the very large space which *all* the opinions of the court would occupy, it will scarcely be· expected that they will appear in this work. Besides, they have been, or will be very generally published in other forms. The first two prevailing opinions which the reporter could get, were immediately prepared, and are here published.

---

# SUPREME COURT.

JAMES STEPHENSON agt. LUCINDA· CLARK, Administratrix, &c., of JESSE CLARK, deceased.

There is no reason for saying, that a defendant, administratrix, unreasonably resisted or neglected the payment of a demand against the deceased's estate, where it appeared that she had good reason to suppose there was a valid defence to the claim, in whole or a material part of it; and that probably the defence interposed would have been successful if, at the trial, she could have procured her witness. Under such circumstances it was her duty to attempt a defence.

And in order to charge an estate with costs, on the ground of a refusal to refer a claim, it must appear affirmatively that there was a *refusal* by the legal representative to refer.

Stephenson agt. Lucinda Clark, Adm'x, &c., of Jesse Clark, dec'd.

Where the claimant said to the administratrix, on presenting his account, "I don't want any trouble about it, as we have always been good friends, and I am willing to have the account referred to some disinterested persons," and she replied, "I hope there will be no trouble about it; and I will see George [her son] about it;" and on the same day a summons upon the claim was put into the sheriff's hands, but not served until some fourteen days afterwards.

*Held*, that it was natural that the administratrix should understand that a general leaving out of the matter in the nature of an arbitration was intended, instead of a strict legal reference under the statute; besides, there was, in fact, no *refusal* to refer; and she was entitled to a reasonable time after the demand, to consider what to do, and to take counsel if necessary.

*Seneca Special Term, April,* 1855.

MOTION on behalf of plaintiff for costs against the estate of the intestate.

A. T. KNOX, *for plaintiff.*
W. BURTON, *for defendant.*

WELLES, Justice. The action was brought to recover the balance claimed to be due on a book account consisting of a variety of items. It was referred for trial to a sole referee, who reported due from the defendant to the plaintiff $67.97.

It appeared that on the 22d day of December, 1852, the plaintiff handed the defendant a copy of the items of the account, saying to her at the same time, "I have an account against you for lumber, that Mr. Clark had, and I would like to have it settled, and I have spoken to your son George several times about having it settled; and I do not want any trouble about it, as we have always been good friends, and I am willing to have the account referred to some disinterested persons;" to which the defendant replied, taking the copy account, "I hope there will be no trouble about it; and I will see George about it." The summons by which the action was commenced, was put into the hands of the sheriff the same day, to be served on the defendant.

The plaintiff states in his affidavit, that the reason the summons was put into the hands of the sheriff on that day was to save the statute of limitations, which he erroneously supposed

would, in a day or two, run against the claim. The summons was served on the defendant the 6th day of January, 1853. It appeared that neither the defendant nor her son George had offered to refer the claim.

The plaintiff is not entitled to recover costs, unless it be made to appear, that the demand on which the action was founded was presented within the time named in the notice, which the law authorizes executors and administrators to give to creditors at least six months after granting letters testamentary or of administration, and that its payment was unreasonably resisted or neglected; or that the defendant refused to refer the same, according to statute. (2 *R. S. pp.* 88, 89, 90, 1 *ed.*, §§ 39–46, *inclusive; 4th ed. pp.* 274, 275.)

There is no reason for saying the payment of the demand was unreasonably resisted or neglected. The opposing affidavit shows that the defendant had good reason to suppose there was a valid defence to the action in whole or a material part; and that probably the defence interposed would have been successful, if at the trial she could have procured her witness. Under such circumstances, it was her duty to attempt a defence.

Nor do I think it can be said she refused to refer according to the statute. In order to put an executor or administrator in default for not referring a claim, so as to charge the estate with costs, it must appear that there was a *refusal* to refer. Here was no refusal, nor anything like it. The proposal of the plaintiff was not calculated to apprize the defendant that a reference under the statute was desired. It would be natural for her to understand that a general leaving out of the matter in the nature of an arbitration was intended, instead of a strict legal reference pursuant to the statute. Besides, she did not refuse to comply with such offer as was made, but merely took the account and remarked, she hoped there would be no trouble about it, and promised to see her son on the subject.

The summons was placed in the sheriff's hands the same day, and although it was not served until some fourteen days after, yet if the defendant had entered into a stipulation the next day after the account was delivered to her, to refer the matter, it

might have been claimed that it was a reference of the action already commenced.

She was entitled to a reasonable time, after the demand was made, to consider what to do, and to take counsel if necessary.

I think the motion should be denied, with $7 costs.