GARRISON FIELD, Respondent, *v.* NICHOLAS FIELD, Executor, etc., Appellant.

Claims against an estate may be presented at any time after executors qualify and enter upon the discharge of their duties; and when they examine and decide upon the justice of a claim presented, although no notice to creditors has been published, the effect of their decision is the same as though the claim was presented after publication of such a notice.

It is not requisite therefore that a claim be presented to executors, and their refusal to refer made during the publication of notice to creditors, to entitle a plaintiff, suing upon such claim, to costs

Where, upon appeal from an order allowing to plaintiff costs in such an action, the question as to whether there was an offer to refer appears to have been one of fact, although this court has power to pass upon the question as an original one, the general rule acted upon by it is to adopt the finding of the court below.

The facts that the plaintiff in such an action was allowed to amend his complaint so as to claim a larger recovery, and to prove and to recover a larger compensation for services than that stated in the claim presented to the executors, do not change the claim from that originally presented.

(Argued April 15, 1879; decided May 20, 1879.)

APPEAL from an order of the General Term of the Supreme Court, in the second judicial department, affirming an order of Special Term, granting the plaintiff his costs in this action.

This action was brought upon a claim for services and expenses in boarding and caring for defendant's testatrix.

The claim was presented to the executor and rejected, and, as plaintiff's affidavit showed, defendant had refused to refer before the publication by him of notice to creditors to present their claims.

The claim presented to the executor and annexed to the complaint contained a charge for an undertaker's bill, and gave a credit for two mortgages of $2,000 each. The action was tried in the first place before a referee. The plaintiff on the trial was allowed to amend his complaint by withdrawing the charge for the undertaker's bill and the credit of one of the mortgages. The judgment entered upon the report of the referee was reversed by this court (73 N. Y., 588) on the ground that both of the mortgages should have been allowed as a credit. Upon the second trial plaintiff was allowed by the court to amend his complaint by claiming a larger compensation for the services rendered.

Further facts appear in the opinion.

*C. Frost,* for appellant. The claim as finally tried and upon which the jury passed was never presented to the executor. (*Knapp* v. *Curtiss,* 6 Hill, 388.) It was not presented within the six months during which the executor was required to and did advertise for claims, and plaintiff could not recover costs. (2 R. S., 80, §§ 34–41; *Bradley* v. *Burwell,* 3 Den., 261; *Whitmore* v. *Foose,* 1 Den., 159, 162.) A request to defendant to refer was not enough, there should have been an offer to refer. (*Proude* v. *Whiton,* 15 How. Pr., 304; *Stephenson* v. *Clark,* 12 id., 282.)

*Caleb Griffen,* for respondent. Plaintiff was entitled to costs on the ground that the claim was unreasonably resisted and defended. (*Gansevert* v. *Nelson,* 6 Hill, 389.) There was

a sufficient presentation and rejection of the claim and a refusal to refer to entitle plaintiff to costs. (*Mills* v. *Binsse*, 31 How., 476; *Bullock* v. *Bogardus*, 1 Den., 276; *Cook* v. *Whipple*, 55 N. Y., 150, 165; *Russell* v. *Lane*, 1 Barb., 519: *Buckhout* v. *Hunt*, 16 How., 407.)

CHURCH, Ch. J. There is nothing in the statute requiring that a claim must be presented to executors, and a refusal to refer made during the publication of the notice to creditors, to entitle a plaintiff to costs.

Claims may be presented at any time after the executors qualify and enter upon the discharge of their duties, and while they are entitled to a reasonable time to examine and decide upon the justice of claims presented, when they do decide, even though no notice has been published, the effect of their decision is the same as though the claim was presented after publication. The notice is for the protection of executors, and the estates which they represent, and there is no absolute legal obligation to give it at all. (*Bullock* v. *Bogardus*, 1 Den., 276 ; *Russell* v. *Lane*, 1 Barb., 519.)

It is contended that there was no offer to refer, by the plaintiff. This is a question of fact upon the affidavits presented, and the general rule acted upon by this court, is to adopt the finding of the court below upon such a question, although we may pass upon it as an original question in this class of appeals.

I have examined the affidavits in behalf of the respective parties, and agree with the court below that an offer to refer was made and rejected. The plaintiff's attorney swears positively that he requested the defendant to refer the claim, and that the latter refused to refer it or settle it in any manner.

The defendant swears that he does not recollect the request to refer, and did not understand such a proceeding, and did not intend to refuse. This scarcely raises a conflict of evidence.

The criticism that a *request* to refer is not equivalent to an offer, is not tenable.

The claim for which a recovery was finally had was substantially the same as that originally presented. It consisted principally of charges for board, care, nursing, etc., of the testatrix for many years, prior to her death. An item for the undertaker's bill was withdrawn during the litigation, and an item for a physician's bill was rejected, but these constituted but a small portion of the amount of the claim, which was rejected by the defendant. The circumstance that the plaintiff was allowed to prove and recover a larger compensation for the services performed, and to amend his complaint, claiming a larger recovery therefor, did not change the *claim* from that originally presented, and the fact that the plaintiff recovered upon the last trial after deducting the second mortgage of $2,000, which this court decided should be done, nearly as large a sum as upon the first trial, tends to show that the defendant ought to have adjusted the original claim, but upon this appeal we have no concern with, and no knowledge respecting the justice of the recovery.

The order should be affirmed.

All concur.

Order affirmed.