:SARAH A. PURSELL, RESPONDENT, *v.* JOHN. FRY AND JACOB SMITH, EXECUTORS, ETC., OF RICHARD HINDS, DECEASED, APPELLANTS.

*Personal transactions with a deceased person — when a legatee may testify as to — Code of Civil Procedure,* § 829 *— claim for services on an entire account — part payment takes the balance out of the statute of limitations — Unliquidated claim — interest not allowed — When a married woman may recover for personal services — when costs not awarded against executors, who have refused to pay a claim.*

The plaintiff presented to the defendants, as executors, a claim for services. rendered to their testator, the plaintiff's father. Upon the trial on a reference, under the statute, a sister of the plaintiff, who was also a legatee under the will, and her husband, were allowed, against the defendants' objection and exception, to testify as to the employment of the plaintiff by the testator, and as to his promise to pay her wages for her services.

*Held,* that the evidence was properly received.

The plaintiff commenced to work in May, 1857, and continued to do so until May 18, 1877. Upon the trial the defendants claimed, and the plaintiff admitted, that payments had been made on the account in each of the years during which the services were rendered. The defendants insisted that the claim for services rendered more than six years prior to the testator's death was barred by the statute of limitations.

*Held,* that the plaintiff's claim constituted an entire account, and that the payments made took the entire balance out of the statute.

No price was agreed upon for the services to be rendered, nor was any balance admitted to be due by the defendants.

*Held,* that it was error to allow interest upon the amount allowed by the referee from the time of the presentation of the claim to the defendants.

At the time of entering into the service of the testator the plaintiff was a married woman, but had separated from her husband and supported herself by her earnings.

*Held,* that the wages belonged to her, and that she was entitled to sue to recover them.

October 24, 1878, the plaintiff presented to the defendants a claim for services rendered in attending upon their testator (the plaintiff's father) and his wife, amounting to $1,551.50, claiming wages at the rate of three dollars per week. On December 9, 1878, the defendants rejected the claim and consented to a reference, upon which the plaintiff recovered $674, the referee fixing the wages at two dollars per week. The referee also found that the defendants acted with prudence and in good faith in resisting the payment of the plaintiff's claim.

*Held,* that an order awarding costs to the plaintiff was erroneous and should be reversed.

APPEAL from a judgment in favor of the plaintiff, entered upon a reference made under the statute, and from an order confirming

the referee's report and awarding costs against the defendants, and also from an order denying a motion to vacate the said report and grant a new trial.

The plaintiff presented a claim for her services performed for the deceased, at his instance and request, to his executors, who disputed and rejected it. A reference under the statute. was then agreed upon and approved by the surrogate.

The referee reported in favor of the plaintiff.

A motion was made to confirm the referee's report and for costs, and it was granted at Special Term.

A motion was made upon a case and exceptions to set aside the report, and denied at Special Term.

The defendants appeal from such orders and the judgment entered thereon.

*Fanning & Williams*, for the appellants.

*Horace McGuire*, for the respondent.

HARDIN, J. :

In support of the plaintiff's claim she called one of her sisters, a Mrs. Boyd, and a legatee named in the will of their deceased father, and she gave evidence tending to establish an employment of the plaintiff by the deceased, and an agreement to pay her wages if she would go to the house of the deceased testator and take charge of the housework and personally care for his wife, their mother, who was afflicted with paralysis.

This evidence was objected to, on the ground that she was not competent to give evidence relating to personal transactions with her deceased father against his executors. The objection was overruled, and an exception taken by the defendants.

We think the ruling of the learned referee was correct. (Code of Civil Procedure, § 829; *Ely* v. *Clute*, 19 Hun, 35; *Hill* v. *Alvord*, id., 77.

She was not called in "her own behalf or interest."

Subsequently in the case, her husband, Mr. Boyd, was called and gave evidence tending to support an agreement to pay wages, and tending to show several payments made by the deceased on

account thereof. His evidence was objected to and an exception taken.

For the reason already stated it is apparent that the wife was competent as a witness, in behalf of the plaintiff, and therefore he was not incompetent. Section 830 of the Code of Civil Procedure was repealed in 1878.

We think the evidence given by the Boyds, and by others competent to speak, abundantly established.

(1.) The original employment of the plaintiff by the testator. (2.) His agreement to pay her wages. (3.) The performance of the services by her for the period allowed to her by the referee. (4.) And that her wages were worth the price allowed therefor by the referee.

We cannot infer from the language found in the will of the deceased, or from any oral evidence given upon the trial, that the legacy given to the plaintiff by the testator was intended as a payment and satisfaction for her wages while in his employment. We cannot, therefore, deem it a satisfaction of the plaintiff's claim for services. (*Boughton* v. *Flint*, 74 N. Y., 477.)

The referee has found that the plaintiff commenced work in May, 1867, and continued work up to the 18th May, 1877, with the exception of two absences, and that the aggregate time worked was eight years or 416 weeks. This finding is supported by the evidence. He also finds that no specific price for such services was agreed upon and that the services were worth two dollars per week. The evidence supports these findings.

When the plaintiff presented her claim to the executors, the stated several credits amounted in the aggregate to $158.

When the executors had rejected the claim, and a reference under the statute had been agreed upon, the executors made up a statement of their counter-claim, and in it they charged her with several sums of money, as having been advanced and paid to her by the deceased, in each of the years embraced in the period of time covered by the services. Upon the trial the plaintiff admitted " so much of the counterclaim as stated in the executors list of items," as embraced cash received by her in 1867, and each successive year down to and inclusive of 1877, amounting in the aggregate to $158. These cash payments were allowed to

the defendant, and $1.58 deducted by the referee from the aggregate of the plaintiff's services, and a balance struck of $674,. and judgment ordered for that sum, with interest from the 24th. of October, 1878.

It is insisted by the learned counsel for the appellants that the statute of limitations should have been allowed as a bar to any recovery for services accruing more than six years prior to the death of the testator.

We think this argument is unsound.

(1.) The payments made by the testator were acknowledgments of the indebtedness, and sufficient to take the whole claim out of the statute. (*Rich* v. *Niagara Savings Bank*, 3 Hun,. 481; *Miller* v. *Talcott*, 46 Barb., 167; *Bowe* v. *Gano*, 9 Hun, 6.).

(2.) The claim of the plaintiff, "I think at any and all times for previous services, was an entire account, and that she could have maintained but a single cause of action thereon," and that "a. payment by the intestate upon the balance due the claimant took the entire balance out of the operation of the statute." (*Smith* v. *Velie*, 60 N. Y., 106.)

We think the referee erred in allowing interest from October 24, 1878, to the date of his report April 12, 1879. He has found that no price was agreed upon for the wages. There was no admission of any balance due at the time the account was presented to the executors; on the contrary, they rejected the whole demand. It was unliquidated. There was no express agreement. to pay interest, nor any implied agreement from custom or otherwise shown to arise.

And, according to the authorities, no .interest was recoverable until the amount of the claim was ascertained and liquidated, as it was not capable of being ascertained by computation merely.. (*Reid* v. *Rensselaer Glass Factory*, 3 Cow., 387; *S. C., Rensselaer Glass Factory* v. *Reid*, 5 id., 589, approved and followed in *Holmes* v. *Rankin*, 17 Barb., 456; *McMahon* v. *N. Y. and Erie R. R. Co.*, 20 N. Y., 469; *Smith* v. *Velie*, 60 id., 106; *Godfrey* v. *Moser*, 5 Thomp. & Cook, 677; 3 Hun, 218; *De Lavallette* v. *Wendt*, 75 N. Y., 579.)

We must order a new trial, unless the the plaintiff stipulates to deduct from the judgment the. interest upon the amount of the

recovery ($674) from October 24, 1878 until the date of the report, April 12, 1879.

The evidence of Mrs. Boyd as to the $250 advanced in 1877 did not establish an indebtedness of the plaintiff; it simply established a *gift*. The same observations are true in respect to the evidence given by Mrs. Bailey as to the $150 referred to in 1873.

The plaintiff at the time she entered into the services of the testator was a married woman, but she had separated from her husband and was supporting herself, and apparently never received any further attention or support from her husband after her separation from him.

Under such circumstances her earnings belonged to her and were recoverable by her and not by her husband. (Chapter 172 of Laws of 1862; *Brooks* v. *Schwerin*, 54 N. Y., 343; *Adams* v. *Honness*, 62 Barb., 326; *Birkbeck* v. *Ackroyd*, 74 N. Y., 356.)

It was competent for her to make a bargain with the testator for her services, and for compensation therefor, and after she had performed, it was too late for him or his executors to repudiate the bargain and refuse to pay her the fair value of her earnings. (62 Barb., *supra;* *Willetts* v. *Sun Mut. Ins. Co.*, 45 N. Y., 45.)

We come now to consider the order awarding costs against the executors payable out of the estate.

(1.) The claim was presented to the executors 24th of October, 1878, for $1,551.50.

(2.) The executors rejected it November 21, 1878, and offered to refer.

(3.) December 9, 1878, a stipulation was entered into by the parties to refer, and the reference was approved by the surrogate, and on the tenth of December an order was entered referring the claim, etc.

(4.) The plaintiff recovered only $674.

(5.) The referee finds and certifies that the executors "acted with prudence and good faith in resisting the plaintiff's claim, and for the sole purpose of administering the trust faithfully and for the purpose of protecting the estate."

(6.) There was no proof of bad faith or mismanagement presented to the Special Term.

(7.) It appears that the price of the wages was not agreed

upon by the plaintiff and the testator, and that witnesses differed largely as to the value of the services. The plaintiff charged and claimed three dollars per week. The referee finds the value of her services only two dollars per week.

Under such circumstances we think the plaintiff was not entitled to recover costs, and that her right was limited to the " referees' fees, and witnesses and other necessary disbursements, to be taxed according to law." (Code of Procedure, § 317; *Pinkernelli* v. *Bischoff*, 2 Abb. [N. C.], 107; *Comstock* v. *Olmstead*, 6 How., 77; *Fort* v. *Gooding*, 9 Barb., 388; *Buckhout* v. *Hunt*, 16 How., 407; *Cruikshank* v. *Cruikshank*, 9 id., 350; *Carhart* v. *Blaisdells Exr.*, 18 Wend., 531; 2 R. S., § 41, p. 88; *Woodin* v. *Bagley*, 13 Wend., 453.)

The Special Term erred in awarding costs to the plaintiff, and the order must be modified by striking out so much thereof as awards costs to the plaintiff, and allowed to stand so far as it awards referees' fees, witnesses' fees and necessary disbursements to the plaintiff, and as so modified affirmed.

We must reverse the judgment and order a new trial before another referee, with costs of the appeal to abide the event, unless the plaintiff shall stipulate to reduce the judgment by striking out the interest on $674 from October 24, 1878, to April 12, 1879, in which case the judgment and order of confirmation of the referees' report will be *affirmed*, as so modified, with costs of this appeal.

TALCOTT, P. J., and SMITH, J., concurred.

Ordered accordingly.