ELIZABETH SNYDER, APPELLANT, *v.* SYLVESTER SNYDER AND OTHERS, AS EXECUTORS, ETC., RESPONDENTS.

*Costs in an action against an executor — when the plaintiff is entitled to them as a matter of right — 2 R. S., 90, sec. 41.*

The refusal of an executor to refer a disputed claim presented against the estate entitles the claimant under section 41 (2 R. S., 90) to costs, as a matter of right, in case he recovers a judgment in an action brought thereon in the Supreme Court.

APPEAL from so much of an order made at Special Term as denies costs to the plaintiff.

*S. D. Halliday,* for the appellant.

*Merritt King,* for the respondents.

RUMSEY, J.:

The plaintiff having a claim against the defendants' testator, presented it to the executors, who refused to allow it and refused to refer it under the statute. The plaintiff then brought suit in this court. The action was referred and the referee reported in favor of the plaintiff. She then moved at Special Term to confirm the report and for costs. The report was confirmed and judgment ordered on it, but without costs. From so much of the order as refuses costs plaintiff takes this appeal. The action having been commenced before the 1st day of September, 1880, the right to costs is controlled by the Revised Statutes. (Code Civil Pro., § 3347, sub. 11.) The section which bears on that subject provides that no costs shall be recovered in any suit at law against executors, unless it appear that the demand on which the suit was founded was presented, and "that its payment was unreasonably resisted or neglected, or that the defendant refused to refer the same." If either of these things appear, costs are a matter of right. In this case it is undisputed that the defendants refused to refer. Plaintiff should therefore have had costs awarded to her. (*Fort* v. *Gooding,* 9 Barb., 388; *Stephenson* v. *Clark,* 12 How. Pr., 282.)

So much of the order as is appealed from should be reversed, with ten dollars costs and printing disbursements, and costs of the action to be taxed should be awarded to plaintiff.

LEARNED, P. J., and OSBORN, J., concurred.

Order denying costs reversed, with ten dollars costs and printing disbursements, and costs granted.