ELIAS Q. HORTON, RESPONDENT, *v.* COFFIN S. BROWN, AS EXECUTOR, ETC., OF CHARLES A. G. DEPEW, DECEASED, APPELLANT.

*Costs — allowance of, against executors and administrators — Code of Civil Procedure, secs. 1835 and 1836.*

Under sections 1835 and 1836 of the Code of Civil Procedure no costs can be allowed to the plaintiff in an action against an executor who has published the statutory notice requiring all creditors to present their claims, unless the claim, upon which the action is brought, was presented to him within the time limited by the notice, and unless, also, the executor unreasonably resisted or neglected to pay the same, or refused to refer it as prescribed by law.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee. The appellant also sought to review an intermediate order made at a Special Term, awarding costs and an additional allowance to the plaintiff.

It appeared that the claim upon which the action was brought had not been presented to the executors within the time limited in a notice published by them, requiring all claims to be presented as prescribed by law.

*Lent & Herrick*, for the appellant.

*Travis & Smith*, for the respondent.

PRATT, J.:

This case was, we think, correctly decided by the learned referee, who has filed an opinion covering all the points made upon the trial.

The judgment is therefore affirmed, except upon the question of costs.

By section 1835 of the new Code it is provided that, "Where a judgment for a sum of money only is rendered against an executor or administrator, in an action brought against him in his representative capacity, costs shall not be awarded against him, except as prescribed in the next section," which is as follows:

" Where it appears, in a case specified in the last section, that the plaintiff's demand was presented within the time limited by

a notice, published as prescribed by law, requiring creditors to present their claims, and that the payment thereof was unreasonably resisted or neglected, or that the defendant refused to refer the claim as prescribed by law; the court may award costs against the executor," etc.

These sections supply the place of section 41, part 2, chapter 6, title 3 of Revised Statutes (2 R. S. [2d ed.], 30), and do not change the rule in relation to costs.

It seems to be clear that under sections 39 to 41, in force prior to the new Code, a plaintiff to entitle himself to costs must make out two things, viz.: First. That the demand was presented to the executors in proper time; and second. That its payment had been unreasonably resisted or neglected or that there had been a refusal to refer.

A construction was squarely given to this section in the opinion of BEARDSLEY, J., in the case of *Bullock* v. *Bogardus* (1 Den., 276), in the following language: "Where *notice has been given* and the claim is not presented in time, costs are never allowed in an action brought for its recovery."

Two grounds are indicated in the section, on either of which costs may be allowed: First. A refusal to refer, the claim being disputed. Second. An unreasonable resistance or neglect of payment. *This must be taken with the qualification that where notice has been published,* the demand *must have been presented within the time limited by law.* There is no authority, in my opinion, for an allowance of costs on any other ground, or for any other cause than those stated. If such was the settled law prior to the passage of. the new Code, it only remains to determine whether it has been changed by that enactment. In my opinion it has not; the purport of the language in the two acts is the same.

The question turns upon the construction to be given the words " or that the defendant refused to refer the claim as prescribed by law in section 1836."

The words in section 41, are: " Or that the defendant refused to refer the same pursuant to the preceding provisions."

There is no essential difference in the language, and a judicial construction of section 41 must be held applicable to section 1836.

There are numerous decisions upon the subject, but I cannot find

that the principle stated in *Bullock* v. *Bogardus* has been overruled, but it seems to have been frequently cited with approval or reaffirmed. (*Bradley* v. *Burwell*, 3 Den., 262.) In this case there was no claim existing in favor of the creditor at the time of the publication of the notice, he being a co-surety with the testator upon a bond, and not having paid until seven years after the expiration of the six months' notice, yet it was held that the language of the forty-first section was "too broad to be got over," and the plaintiff was refused costs. (See, also, *Willcox* v. *Smith*, 26 Barb., 334; *Russell* v. *Lane*, 1 id., 523; *Fort* v. *Gooding*, 9 id., 388; *Buckhout* v. *Hunt*, 16 How. Pr., 412.)

The case of *Field* v. *Field* (77 N. Y., 294) is cited as establishing a different doctrine, and the head-note, it is true, does so state, and an expression in the opinion seems to point to such a conclusion, but it is plain from a careful reading of the case that no such decision was intended.

In that case the claim was presented *before* the publication of any notice by the executors and rejected; this precise question, therefore, was not raised or decided; it also appears that the case of *Bullock* v. *Bogardus* was cited with approval in the opinion.

All of these cases were decided prior to the new Code, and their binding force depends upon the analogy of the two statutes under consideration.

But assume that it is the duty of the court to construe sections 1835 and 1836 of the new Code, we think that it was the legislative intent that where a notice is published as prescribed, in order that a plaintiff shall recover costs upon a judgment for a sum of money, it is requisite that he shall, first, present his demand within the time limited by the note; and, second, that the defendant shall unreasonably resist or neglect payment, or refuse to refer the claim as prescribed by law, no other reading can give force to all the language used in both sections.

The first condition of the section must be complied with, and one of the subsequent conditions must also occur to entitle a plaintiff to costs.

The plaintiff herein not having presented his claim within the time was not entitled to costs.

So much of the judgment therefore as gave costs must be vacated, and, as so modified, judgment affirmed, without costs.

BARNARD, P. J., and DYKMAN, J., concurred.

Order granting costs against executor out of estate reversed, without costs.