ANGELINE C. JOHNSON, *et al.*, Administrators, etc., Respondents, *v.* MARIA J. MYERS, Executrix, etc., Appellant

*Court of Appeals, November* 23, 1886.

Reversing same case, 35 Hun, 666, Mem.

1. *Appeal. Disputed facts.*—It is the general rule of the court of appeals to follow the conclusions of the courts below, where questions turn upon disputed facts, unless for some very obvious and sufficient reasons.

2. *Executors. Claim against Estate. Costs.*—Costs will not be awarded to a claimant, though his claim against an estate has been duly exhibited and properly presented to the executor before suit brought, and he is successful in obtaining a judgment, if the defense interposed has been reasonable and proper.

14

Appeal from an order of the general term of the supreme court, affirming an order granting costs and an additional allowance in an action against an executrix.

*W. G. Tracy*, for appellants.

*C. A. Hawley*, for respondents.

FINCH, J.—An order was made in this case granting costs to plaintiff and an additional allowance. It is resisted, upon this appeal, on the ground that the plaintiff's demand was not presented to the executrix for payment before the commencement of the action, and that such payment was not unreasonably resisted or refused. Both questions turn upon disputed facts, as to which it is the general rule of this court to follow the conclusions of the courts below, unless for some very obvious and sufficient reasons. Field *v.* Field, 77 N. Y. 294. The statute (3 Rev. St. [5th Ed.] 175, §§ 39, 40) authorizes publication of a notice to creditors, "requiring all persons having claims against the deceased to exhibit the same, with the vouchers thereof, to such executor or administrator," etc., and allows the latter, upon such presentation, to require production of vouchers and an affidavit of the claimant.

The proofs on the part of the plaintiff show that her claims with the books and vouchers on which they rested, were fully "exhibited" to the authorized agent of the executrix before the commencement of the action, and were examined and rejected by the assertion of counterclaims sufficient to extinguish them, and all ultimate liability denied. This fact is no further disputed than by an affidavit of the defendant's attorney that no "formal claim" was ever made, though he admits "informal negotiations for a settlement." But while the courts below were justified in holding that the plaintiff's claim was duly exhibited and properly presented, the examinations we have made of the facts in controversy very strongly impress us with the con-

viction that the defense of this action was reasonable and proper; and, while the defendant estate was unsuccessful in the end, there was abundant reason, in the complicated nature of the accounts, in the great amount of business transacted, and in the supposed and actual existence of grave counterclaims, to justify the defense actually made, and prevent us from holding it to have been unreasonable Judgment was demanded for more than $60,000, with a large amount of interest. Judgment was rendered for a sum very materially less, and still further reduced by a deduction of the general term of more than $10,000. We discover no trace of bad faith in the defense interposed, but much to justify the inquiry and examination which it compelled.

For this reason we think costs should not have been awarded, and we therefore reverse the order appealed from.

All concur.