REUBEN BRINKER, RESPONDENT, *v.* HENRY B. LOOMIS, AS EXECUTOR, ETC., OF LESTER CRANE, DECEASED, APPELLANT.

*Costs — when allowed against an executor — Code of Civil Procedure, secs,* 1835, 1836.

After the defendant had duly qualified and while he was acting as the executor of one Lester Crane, deceased, the plaintiff presented to him a claim, duly verified, for services rendered to the testator. The defendant having rejected the claim and refused to refer the same, the plaintiff brought this action, in which he recovered a verdict for $232.55. No notice was ever published by the executor requiring creditors to present their claims.

*Held,* that the plaintiff was entitled to costs as a matter of right.

*Field* v. *Field* (77 N. Y., 294) followed.

APPEAL from an order of the Chautauqua county Special Term allowing costs to be taxed, in the plaintiff's favor, against the defendant as executor of the last will and testament of Lester Crane, deceased.

*Sessions & Palmer,* for the appellant.

*Bootey, Fowler & Weeks,* for the respondent.

BARKER, J. :

The executor never advertised for the presentation of claims against the estate of the testator. The plaintiff presents his claim duly verified, to the executor in April, 1884, who rejected the same and refused to refer as provided by statute. Thereafter this action was commenced, and the plaintiff recovered a verdict for $232.55, and upon these facts the special Term awarded costs against the defendant as executor. The application for costs was resisted upon the sole ground that a case was not made for their allowance within the provisions of sections 1835 and 1836 of the Code.

As the claim was not presented "within the time limited by a notice published, as prescribed by law, requiring creditors to present their claims" as provided by those sections the case of *Field* v. *Field* (77 N. Y., 294) is in point and sustains the ruling of the Special Term allowing costs to the plaintiff. In that case, as in this, the claim was presented to the executor for allowance before the

publication of any notice and the same was rejected accompanied with a refusal to refer. After such disallowance the executor did publish a notice, and the claim was not again presented by the claimant within the time limited by a notice published as then prescribed by law. The last circumstance does not exist in the case now here. It was held in that case, that the plaintiff having recovered a verdict on his claim was entitled to costs; that a claim may be presented to the exector at any time after he has duly qualified, and that there is nothing in the statute requiring that such presentation shall be made, followed by a refusal to refer, during the publication of the notice to creditors, to entitle the plaintiff to costs in case he succeeds in an action based thereon. The notice is for the protection of the executors and the estates which they represent, and there is no absolute obligation to give it at all. In that case the question arose and was decided before the Code went into effect. But we think the sections of the Code contain nothing new on the subject, and that the provisions of the Revised Statutes were simply brought forward and re-enacted, and that sections 1835 and 1836 should receive the same construction as was given to the former statute in *Field* v. *Field* (*supra*). In section 41 (2 Revised Statutes [3d ed], 153) there is a negative provision that no costs shall be recovered in any suit against an executor or administrator, unless it appear that the demand on which the suit was founded, was presented within the time fixed by a notice published as prescribed by law. In sections 1835 and 1836 (Code of Civil Pro.) is found a like negative *proviso*, that costs shall not be awarded against an executor, except when it appears that the plaintiff's demand was presented within a time fixed by a notice as prescribed by law. The language of the old and the new statute is essentially the same and relates to the same subject-matter.

The claim having been duly presented, and the executor refusing to refer the plaintiff was entitled to costs as a matter of course. (*Snyder* v. *Snyder*, 26 Hun, 324.)

The order should be affirmed, with ten dollars costs and disbursements.

SMITH, P. J. and BRADLEY, J., concurred; HAIGHT, J., not voting.

Order affirmed, with ten dollars costs and disbursements.